# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **COLTON SCHMIDT and REGGIE NORTHRUP, Individually and on Behalf of Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| V. | ) ) | **CIVIL ACTION NO. SA-19-CA-1080-FB** |
| **AAF PLAYERS, LLC d/b/a The Alliance of American Football; THOMAS DUNDON; CHARLES "CHARLIE" EBERSOL; LEGENDARY FIELD EXHIBITIONS, LLC; AAF PROPERTIES, LLC; EBERSOL SPORTS MEDIA GROUP, INC; and DOES 1 THROUGH 200,** | ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER OF REFERRAL

Before the Court is the status of this case. This Court has reviewed the record on file and it appears the United States District Court for the Northern District of California transferred this matter to the United States District Court for the Western District of Texas so it may be referred to this District's bankruptcy court as "related to" six bankruptcy cases pending on the docket of United States Bankruptcy Judge Craig A. Gargotta. This case is therefore subject to the Standing Order of Reference of Bankruptcy Cases and Proceedings dated October 4, 2013, which automatically refers to the Bankruptcy Judges of this District "[a]ll bankruptcy cases and proceedings filed under Title 11 of the United States Code, or arising from or related to any case or proceeding filed under Title 11."[1]

---

[1] District courts have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). However, 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." This District

Accordingly, pursuant to the Standing Order, this case is REFERRED to the United States Bankruptcy Judge Craig A. Gargotta and shall be treated as if it had been originally filed in the Bankruptcy Court. The Clerk shall coordinate with the Bankruptcy Court Clerk to effectuate the referral and this case shall be CLOSED once the referral is effective.

It is so ORDERED.

SIGNED this 23rd day of September, 2019.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

has entered a standing referral order. *See* Local Bankruptcy Rule 1001(e); *In re Blackwell ex rel. Estate of I.G. Servs.*, 267 B.R. 724, 727 n.1 (Bankr. W.D. Tex. 2001) ("This district . . . has entered a general order which operates as a blanket referral of all matters that the filer indicates are 'bankruptcy matters' to the bankruptcy court, such that all such matters are filed directly with the clerk of the bankruptcy court. In practice, therefore, the district court has no interaction with bankruptcy cases unless a bankruptcy court decision is appealed, or unless a party requests withdrawal of reference of a particular case or matter.")(citations omitted). Under the 2013 Standing Order, the District Court may also review findings of fact and conclusions of law issued by the Bankruptcy Court where entry of final order or judgment by a bankruptcy judge would not be consistent with Article III of the Constitution. A copy of the October 4, 2013 Standing Order is available at www.txwb.uscourts.gov.