UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 19-50900-cag |
| LEGENDARY FIELD EXHIBITIONS, LLC, et al. | CHAPTER 7 |
| DEBTORS. | |
| COLTON SCHMIDT, et al., | |
| PLAINTIFFS, | |
| v. | ADV. PROC. NO. 19-05053-cag |
| AAF PLAYERS, LLC, et al., | JUDGE CRAIG A. GARGOTTA |
| DEFENDANTS. | |

**DEFENDANT THOMAS G. DUNDON'S REPLY BRIEF IN SUPPORT OF**
**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Thomas Dundon ("Dundon") files the following Reply Brief to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 51] (the "Opposition"):[1]

I. <u>SUMMARY</u>

Plaintiffs cannot succinctly state a viable cause of action against Dundon. Despite multiple pleadings, the Opposition repeats the same allegations of alleged statements

---

[1] Because Plaintiffs withdrew their California Labor Code cause of action against Dundon, individually, Dundon does not address that claim in this Reply. *See* Adv. ECF No. 51, p.18.

Dundon made and espouses new interpretations of those statements not found in the operative pleading ("FAC"). The Opposition's prelude—which describes Plaintiffs' bases for suing Dundon—makes clear why they cannot seek relief against Dundon. Plaintiffs summarize their allegations as Dundon "fraudulently, deceptively, and pretextually acquiring *the AAF* … for its underlying intellectual property rather than any profits …" and "relying on … statements Dundon made regarding the long-term stabilization of the AAF, Players continued to subject themselves to the risk of physical harm …." These are claims are ones Plaintiffs can only assert against AAF Players, LLC ("AAF Players"), not Dundon.

Plaintiffs' promissory estoppel, fraud, and promissory fraud claims are essentially the same claim repeated three different ways. The allegations, however, have a timing conundrum. Per the Standard Player Agreements ("SPA")—and, for purposes of this Motion, their own allegations—Plaintiffs already agreed to perform the services of playing football before Dundon made the alleged statements they relied upon to their detriment. Consequently, nothing Dundon could have said or did say *after* Plaintiffs signed and began performing under the SPAs would have affected Plaintiffs' obligations to play football. Therefore, Plaintiffs cannot claim they were "injured" by Dundon for playing football.

In the FAC, Plaintiffs' "newly discovered information"—the basis for which they moved for leave to amend—mostly pertains to Defendant Charles Ebersol and focuses

on speculative motives behind Dundon's investment or interest in the league. Those motives (even if true) are immaterial, and Plaintiffs lack standing to seek any redress against Dundon for these alleged motives for investing in the league. Any issue pertaining to the league folding or failing to fulfill any obligations under the SPAs or aspirations of what the league should have been is an issue between Plaintiffs and AAF Players, not between Plaintiffs and Dundon.

While Plaintiffs dismissed their California Labor Code claim, they maintain their inducing breach of contract claim under a flawed reading of the *Woods v. Fox Broadcasting* decision, which is inapposite to the case at bar. *Woods v. Fox Broadcasting Sub., Inc.*, 28 Cal.Rptr.3d 468 (Cal. App. 2005). That case even cites *Shoemaker v. Meyers*, 52 Cal. 3d 1, 24-25 (1990) for the proposition that "it was clear that the defendant was either a contracting party or its agent who could not be liable for [inducing breach of contract]."

In sum, the Opposition fails to reconcile Plaintiffs' pleading deficiencies, cites inapplicable and non-binding authority, regurgitates the same conclusory allegations—now pleaded twice, and develops new interpretations of those allegations that fail to articulate a viable form of relief against Dundon. Plaintiffs' alternative request for leave to yet again amend the FAC serves no purpose other than to allow the Plaintiffs another opportunity to assert additional suppositions that do not link Dundon to Plaintiffs. The Court should dismiss all claims against Dundon and deny leave to amend because Plaintiffs continue to fail to allege a plausible claim for relief attributable to him.

## II. REPLY ARGUMENTS IN SUPPORT OF DISMISSAL

**A. Plaintiffs' Rebuttal to Dundon's Promissory Estoppel, Fraud, and Promissory Fraud Contentions Does Not Cure or Justify The Defects.**

The Opposition highlights the FAC's reliance on essentially the same alleged "promises" or actions that purport to have induced the same non-existent harm to support Plaintiffs' promissory estoppel, fraud, and promissory fraud causes of action. Plaintiffs contend Dundon made numerous statements about the league's viability from his investment and such alleged statements assured Plaintiffs the league would remain viable. Adv. ECF No. 51, pp. 5-9, 11-13. Because of these alleged "assurances," Plaintiffs "subject[ed] themselves to the risk of physical harm" by playing football. *Id*.

### 1. *Plaintiffs fail to cure their promissory estoppel claim.*

a. <u>Plaintiffs admit they link the same reliance to support their breach of contract claim against AAF Players as their promissory estoppel claim against Dundon</u>.

Plaintiffs cite *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985), *Douglas Equipment, Inc. v. Mack Trucks, Inc.*, 471 F.2d 222 (7th Cir. 1972), *Continental Insurance Co. v. Sherman*, 439 F.2d 460, 463 (9th Cir. 1977), and *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) for the proposition that they can assert breach of contract and promissory estoppel as alternative claims. This is not the issue Dundon raised in the Motion. These cases are inapplicable because they do not analyze breach of contract claims against one party and promissory estoppel claims against another party based upon the same reliance and under California law. *See id*. While the *Douglas E. Barnhart*,

*Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230 (2012) Court analyzed breach of contract and promissory estoppel claims under California law, it involve litigants asserting alternative claims against the same party, not—like here—asserting a breach of contract against one party and promissory estoppel against another party under the same reliance theory. *Compare id.* with Adv. ECF No. 23, ¶¶ 75-83, 96(b), 97(i). And it reasoned the two claims were "mutually exclusive" and "fundamentally different." *Douglas E. Barnhart*, 211 Cal. App. 4th at 450. The Opposition does not cite a case that allows Plaintiffs to pursue what they attempt in the FAC. *Compare* Adv. ECF No. 51 with *Walker v. KFC Corp.*, 728 F.2d 1215, 1219 (9th Cir. 1984).

      b.    <u>Plaintiffs' interpretive reading of the alleged "promises" by Dundon does not make them promises they relied upon to their detriment.</u>

Repeated throughout the Opposition are allegations of Dundon's alleged statements in an interview that purport to describe his investment in the league. Adv. ECF No. 23, ¶¶ 9-14. But none of these statements are clear and ambiguous promises to do anything. *Compare* Adv. ECF No. 23, ¶¶ 55-57 with *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 227 (2011) ("a party's misguided belief or guileless action in relying on a statement on which no reasonable person would rely is not justifiable reliance.")) and *Granadino*, 236 Cal. App. 4th 418 (quoting *Aceves*, 192 Cal. App. 4th at 227). Even if the Court construed the alleged statements pertaining to "having money in the bank" and other references of an act already performed as "promises," there is no allegation

Plaintiffs heard these alleged statements or relied on such statements to their detriment. *See* Adv. ECF No. 23, ¶¶ 55-57.

Plaintiffs also use interpretive reading of their own pleadings to conclude Dundon "knew that the league was experiencing significant cash-flow problems" and "[h]is very involvement was a byproduct of those cash-flow problems." *See* Adv. ECF No. 51, p. 16. Nowhere in the FAC is there any reference to ***Dundon knowing*** of alleged "cash-flow problems" or that being a "by product" of anything. *See* Adv. ECF No. 23, ¶¶ 49-51 (emphasis added). Plaintiffs' allegation that "AAF failed to make the first of the agreed-upon payments to Plaintiffs per the terms of their agreement" is an issue between Plaintiffs and AAF Players, not Dundon. *See* Adv. EFC No. 23, ¶ 50.

Further, the purported reliance—continued play in the league—is something Plaintiffs already contracted to perform with AAF Players. *Compare* Adv. ECF No. 23, ¶¶ 32-37 with ¶¶ 61-64, 97(ii). Plaintiffs cite no authority that allows them to bring a promissory estoppel claim against a third party under such circumstances. *See* Adv. ECF No. 51, pp.16-18.

Finally, Plaintiffs continue to fail to allege they suffered any actual harm from Dundon. Plaintiffs' bolding and underling of "***by playing professional football***" does not convert it into an actionable injury. *See id.*, p. 13. More importantly, it does not change the allegations of the pleading itself which says their only injury is the "serious risk of

physical harm or damage." *Compare id*. with Adv. ECF No. 23, ¶¶ 97(ii) Even if that were a viable injury, that is a dispute between Plaintiffs and AAF Players, not Dundon.

### 2. *Plaintiffs fail to cure their fraud claim.*

"In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009).

The FAC's allegations of Dundon saying, essentially, the league would be around for a long time are not promises that give rise to a fraud clam. *See* ECF No. 23, ¶¶ 56-67, 116(b). And the "newly discovered information" Plaintiffs alleged in the FAC—Dundon's purported conspiracy with Ebersol to invest in the league for its technology and not a real football developmental league—does not give Plaintiffs any cause of action against Dundon. Plaintiffs' expectations and contractual terms with the league are a dispute between Plaintiffs and AAF Players. What is more, there are no allegations that link this alleged motive to any damage to Plaintiffs. And "subject[ing] themselves to serious risk of physical harm" is not damage. Nor can Plaintiffs claim they "continued to forego other financial opportunities" when Plaintiffs admit they contracted with AAF Players to play football and not attempt to play football with any other team outside of the league. *See* Adv. ECF Nos. 39, 39-1.

The Opposition relies upon section 1572 of the California Civil Code to define acts committed by a party to a contract. But that provision is inapplicable to this case because Dundon is not a party to the contract, the SPAs. *See* Cal. Civ. Code § 1572 ("Actual fraud, within the meaning of this chapter, consists of the following acts, committed ***by a party to the contract*** ...."). Plaintiffs acknowledge both of their pleadings AAF Players is the only they party with which they contracted. Adv. ECF No. 23, ¶¶ 32-37, 46, 50, 75-83.

The Opposition also relies on the reasoning of *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872 (2013) for the proposition of an opinion expressed in a manner implying a factual basis that does not exist can trigger liability for fraud. That reasoning is inapplicable for two reasons. First, Plaintiffs do not allege Dundon made an opinion statement, they claim he made factual misrepresentations. *See* Adv. ECF No. 23, ¶¶ 55-57. Second, the *Jolley* Court analyzes opinions in the context of ***future*** events. *See Jolley*, 213 Cal. 4th at 893 (emphasis added). The FAC alleges Dundon made his statements ***after*** he made his investment. Adv. ECF No. 23, ¶¶ 52-57 (emphasis added).

Finally, Plaintiffs rely on section 970 of the California Labor Code and the reasoning in *Lazar v. Superior Court*, 12 Cal. 4th 631 (1996) to dispute Dundon's assertion that it is impossible for Dundon to have damaged Plaintiffs by performing services for which they already contracted to perform. These allegations are meritless. For one, section 970 governs ***employers*** making misrepresentations to employees to induce employees to move to, from, or within California. *Schultz v. Spraylat Corp.*, 866 F. Supp.

1535, 1541 (C.D. Cal. 1994) (citing *Funk v. Sperry Corp.*, 842 F.2d 1129, 1133 (9th Cir. 1988) (emphasis added)). Plaintiffs admit AAF Players is their former employer and not Dundon, and none of Plaintiffs' claims address relocation or moving to, from, or within California. *See* Adv. ECF No. 23. Likewise, Plaintiffs' reliance on *Lazar* for the reasoning addressing misrepresentation by an employer is equally misplaced because Dundon was not their employer. *See id*.

### 3. *Plaintiffs fail to cure their promissory fraud claim.*

To support its promissory fraud claim, the FAC relies on essentially the same flawed conspiracy theory and analysis pertaining to Dundon's and Ebersol's alleged motives to use the league as a staging ground for the AAF Players' technology.[2] Notably, the case Plaintiffs rely upon in the Opposition, *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443 (2011), held that the plaintiffs based both fraud causes of action on allegations related to the contract. *Id*. Like the plaintiffs in *Behnke*, Plaintiffs plead fraud and promissory fraud against Dundon under obligations related to a contract between Plaintiffs and another party, AAF Players. Plaintiffs also misapply *Lazar* by attempting to parallel the plaintiff in that case with Plaintiffs in this case. *See* Adv. ECF No. 51, pp. 23-24. However, as stated above, *Lazar* is inapposite because Dundon was not Plaintiffs'

---

[2] Plaintiffs contend Dundon "ignores" 74 allegations that are incorporated through Rule 10(c) of the Federal Rules of Civil Procedure. These "additional 74 allegations," however, do not pertain to Dundon. The universe of allegations related to Dundon are addressed in detail in the Motion and consolidated to the paragraphs cited therein.

employer. *Compare id.*, ¶¶ 32-37, 46, 50, 75-83 and Adv. ECF No. 39-1 with *Lazar*, 12 Cal. 4th at 638.

B. **Plaintiffs' Inducing Breach of Contract Rebuttal Does Not Cure The Original Defects.**

The Opposition also fails to explain how Dundon intended to "induce a breach or disruption" of Plaintiffs' contracts with AAF Players, LLC when Plaintiffs allege the league was insolvent from the outset. Adv. ECF No. 23, ¶ 62. None of the FAC's factual contentions that Dundon's actions (investment or alleged statements) of "forc[ing] the AAF to suspend operations effective immediately" was a breach of the contacts or caused the breach of a contract between AAF Players and Plaintiffs. *Compare id*. ¶¶ 67-68 with *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 523 (N.D. Cal. 2000).

Plaintiffs further rely on *Woods* and incorrectly focus their analysis of third parties being held liable for inducing breach of contracts between their employer and another party. *See* Adv. ECF No. 51, p. 27. That misses the point. In *Shoemaker*, a California Supreme Court case relied upon by the Court in *Woods*, the Court held that a corporate agent, director, or officer cannot be liable for inducing a breach of a corporation's contract. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24–25 (1990); *Compare Woods*, 129 Cal. App. 4th at 355-56 with Adv. ECF No. 23. Here, Plaintiffs allege Dundon acting in his capacity as Chairman for AAF Players, LLC induced the purported breach of the contracts between Plaintiffs and AAF Players. Adv. ECF No. 23, ¶¶ 52-57. Accordingly, Plaintiffs cannot pursue an inducing breach of contract claim against Dundon because he was not acting

as contracting party, but rather as an agent of AAF Players, LLC.

## PRAYER

For the foregoing reasons, Defendant Thomas G. Dundon asks the Court enter an order dismissing all claims from the Complaint; deny leave to amend the Complaint the FAC any further; and for all other such relief, in law or equity, to which he is entitled.

DATED December 13, 2019

                                        Respectfully submitted,

                                        **BELL NUNNALLY & MARTIN LLP**

By:   /s/ *Brent D. Hockaday*
        Jeffrey S. Lowenstein
        Texas Bar No. 24007574
        jlowenstein@bellnunnally.com
        Alana K. Ackels
        Texas Bar No. 24066760
        aackels@bellnunnally.com
        Brent D. Hockaday
        Texas Bar No. 24071295
        bhockaday@bellnunnally.com
        2323 Ross Avenue, Suite 1900
        Dallas, Texas 75201
        214.740.1400 (Telephone)
        214.740.1499 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**
        **THOMAS G. DUNDON**

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. Bankruptcy Court, Western District of Texas using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Katharine Battaia Clark
Hedrick Kring, PLLC
1700 Pacific Ave., Ste. 4650
Dallas, TX 75201
Email: KClark@HedrickKring.com

Jonathon S. Farahi
Boris Treyzon
Abir Cohen Treyzon Sala, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436
Email: JFarahi@actslaw.com
Email: btreyzon@actslaw.com

*Counsel for Plaintiffs*

Brian S. Engel
Barrett Daffin Frappier Turner & Engel
3809 Juniper Trace, Suite 205
Austin, TX 78738
Email: brianen@bdfgroup.com

Kell C. Mercer
Kell C. Mercer, PC
1602 E Cesar Chavez St
Austin, TX 78702
Email: kell.mercer@mercer-law-pc.com

Randolph N Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212
Email: rosherow@hotmail.com

Steve Turner
Barrett Daffin Frappier Turner & Engel
3809 Juniper Trace, Suite 205
Austin, TX 78738
Email: wdecf@BDFGROUP.com

*Counsel for Trustee Randolph N. Osherow*

William A. (Trey) Wood, III
Bracewell LLP
711 Louisiana, Suite 2300
Houston, TX 77002
Email: trey.wood@bracewell.com

*Counsel for Debtors AAF Players, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., Legendary Field Exhibitions, LLC, LFE 2, LLC, and We Are Realtime, LLC*

/s/ Brent D. Hockaday
Brent D. Hockaday