

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 10, 2020.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-50900-cag |
| | § | |
| LEGENDARY FIELD EXHIBITIONS, LLC and | § | CHAPTER 7 |
| EBERSOL SPORTS MEDIA GROUP, INC., | § | |
|     Debtors. | § | |

| | | |
|---|---|---|
| COLTON SCHMIDT ET AL., | § | |
|     Plaintiffs, | § | |
| | § | ADVERSARY NO. 19-05053-cag |
| v. | § | |
| | § | |
| AAF PLAYERS, LLC ET AL., | § | |
|     Defendants. | § | |

### ORDER STRIKING PLAINTIFFS' JURY DEMAND (ECF NO. 14)

This is the Court's Order on Plaintiffs' Jury Demand ("Jury Demand") (ECF No. 14), which was proceeded by Plaintiffs' Amended Jury Demand (ECF No. 17). In compliance with L. Rule 9015, Plaintiffs filed their Amended Statement Regarding Consent (ECF No. 27). The Court also considered Defendant Thomas Dundon's Notice of Consent (ECF No. 16), Thomas G. Dundon's Response Regarding Consent (ECF No. 36), Plaintiffs' Reply in Support of Plaintiffs'

1

Amended Statement Regarding Consent (ECF No. 42), Trustee's Response Regarding Consent (ECF No. 43), and Defendant Charles "Charlie" Ebersol's Response Regarding Consent (ECF No. 50). The Court held a hearing on the Jury Demand on December 4, 2019. For reasons stated in this Order, the Court finds that the Jury Demand is STRICKEN

As a preliminary matter, the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(e). The parties disagree over whether this proceeding is a core proceeding under 28 U.S.C. § 157(b). All of the parties have not consented to the bankruptcy court entering final orders under 28 U.S.C. § 157(c)(2).

## FINDINGS OF FACT

On April 17, 2019, co-defendants AAF Players, LLC ("AAF Players"); AAF Properties, LLC; Legendary Field Exhibitions, LLC ("Legendary"); and Ebersol Sports Media Group, Inc. (collectively, "AAF Defendants") each filed a chapter 7 bankruptcy case in this Court.  After a hearing on July 3, 2019, the cases of all of the AAF Defendants were substantively consolidated into one lead case numbered 19-50900-cag (Case No. 19-50900, ECF No. 150) (the "Lead Case").

Pre-petition, on April 10, 2019, Colton Schmidt and Reggie Northrup ("Plaintiffs") filed their Class Action Complaint for Damages ("Original Complaint") against AAF Defendants, Thomas Dundon ("Dundon"), and Charles Ebersol ("Ebersol") in the Superior Court of the State of California, County of San Francisco. Counts in the Original Complaint included the following causes of action against AAF Defendants: breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, failure to pay wages in violation of California Labor Code § 201, violation of the California Business and Professions Code § 17200, fraud, false promise, and inducing breach of contract. The Original Complaint also included a demand for jury trial. On June 24, 2019, Plaintiffs' lawsuit was removed to the United States District Court for the

Northern District of California. The case was then transferred to the United States District Court for the Western District of Texas ("Texas Western District Court") on September 9, 2019. On September 23, 2019, the Texas Western District Court issued an Order of Referral that referred Plaintiffs' lawsuit to this Court. Upon transfer of the case, the Texas Western District Court transmitted the Original Complaint to this Court.

While this lawsuit was pending in the Texas Western District Court, Plaintiffs filed Proof of Claim #214 on July 15, 2019, and Amended Proof of Claim #214 on July 16, 2019 ("Claim") in the Lead Case. The Claim was for $673,920,000.00 on the basis of "services performed and U.S. District Case No. 19-CV-03666-JCS." The Claim contained an addendum, which provided that Plaintiffs' "claim against Debtors arises from a civil action . . . [that was] filed . . . in the San Francisco County Superior Court against [AAF Defendants]." (Case No. 19-50900, Claim #214-2). The Claim includes as attachments a copy of the Original Complaint and a copy of the standard form contract between Plaintiffs and AAF Players. (Case No. 19-50900, Claim #214-2, Exh. A, B). The Claim also states, in relevant part, that "filing of this proof of claim is not and shall not be deemed or construed as . . . a waiver or release of the Plaintiffs' rights to a trial by jury." (Case No. 19-50900, Claim #214-2).

## PARTIES' ALLEGATIONS

Plaintiffs' Original Complaint in the Superior Court of California included a jury demand. Plaintiffs filed their Amended Jury Demand (ECF No. 17)[1] and Amended Statement Regarding Consent (ECF No. 27). Plaintiffs' Amended Statement Regarding Consent provides that Plaintiffs do not consent to conduct of a jury trial by the bankruptcy court. Plaintiffs contend that the matters

---

[1] Hereinafter, all citations to the "ECF" are in reference to the electronic docket in the captioned adversary proceeding unless otherwise noted.

at issue, except the counts for promissory estoppel and violations of the California Business and Professions Code (for which Plaintiffs seek trial by jury under Fed. R. Civ. P. 39(c)), sound in state law and are afforded the right to trial by jury under state law. Plaintiffs contend that their claims against non-debtor defendants are non-core. Finally, Plaintiffs state that to the extent the matters presented are non-core, Plaintiffs do not consent to entry of final orders by the Bankruptcy Court.

Dundon and Ebersol do not consent to a jury trial by the bankruptcy court. (ECF Nos. 36 and 50). Dundon alleges that the Bankruptcy Court must hear this dispute and enter final orders regardless of parties' consent because Plaintiffs waived their Seventh Amendment right to a jury by filing a proof of claim over the matters at issue. (ECF No. 36). Ebersol argues that Plaintiffs waived their right to a jury trial by filing a proof of claim in the underlying bankruptcy case. (ECF No. 50). Ebersol contends that the adversary is a core proceeding that attempts to resolve Plaintiffs' claims brought in the bankruptcy case. (*Id*.). Ebersol consents to entry of final order of the Court to the extent that it finds that this proceeding is non-core. (*Id*.).

Trustee's Response Regarding Consent (ECF No. 43) provides that the Chapter 7 Trustee consents to conduct of a jury trial by the Bankruptcy Court. Trustee's position is that because Plaintiffs filed a proof of claim in the AAF bankruptcy case, Plaintiffs do not have a Seventh Amendment right to jury trial against AAF Defendants under ***Langenkamp v. Culp***, 111 S.Ct. 330 (1990). Trustee argues, moreover, that Plaintiffs' claims against AAF Defendants are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) because those claims are fundamentally part of the claims allowance process. Trustee avers that claims against non-debtor defendants Ebersol and Dundon are not core proceedings. Trustee consents to entry of final orders regarding core and non-core claims.

4

In response to arguments of waiver addressed by Trustee, Ebersol, and Dundon, Plaintiffs filed a Reply (ECF No. 42) arguing that their case is distinguishable from the Supreme Court cases **Langenkamp** and **Granfinanciera, S.A. v. Nordberg**, 492 U.S. 33 (1981) because those cases focus on a creditor's right to jury trial where (a) a bankruptcy trustee brings a claim against the creditor following the filing to bring money back into the bankruptcy estate, and (b) the creditor has submitted a claim against the estate. Plaintiffs argue that their lawsuit is distinguishable because it is against debtors *and* non-debtors; because it was brought before AAF's bankruptcy was filed; because it was brought before a proof of claim was filed in AAF's bankruptcy case; and because Plaintiffs expressly reserved their right to seek a trial by jury in both their Original Complaint in California state court and in their proof of claim.

## DISCUSSION

### A. Right to a Jury Trial

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . " U.S. Const. Amdt. 7. The term "suits at common law" included "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." **Feltner v. Columbia Pictures Television, Inc.**, 523 U.S. 340, 348 (1998) (internal citation omitted). The Seventh Amendment protects a litigant's right to jury trial "only if a cause of action is legal in nature and involves a matter of private right." **Granfinanciera**, 492 U.S. at 42 n. 4.

To determine whether the right to a jury trial exists, the Supreme Court, has stated that the Court must: "(1) compare the 'statutory action to 18th century actions brought in courts of England prior to the merger of the courts of law and equity;' and (2) consider whether the remedy sought

5

is 'legal or equitable in nature.'" *In re Antone's Records*, *Inc.*, Case No. 08-12292-CAG, Adv. No. 09-1010-CAG, 2010 WL 11678512, at *3 (Bankr. W.D. Tex. Feb. 5, 2010) (quoting *Granfinanciera*, 492 U.S. at 42). Finally, the Court must determine whether the cause of action involves private rights or public rights, because causes of action regarding private rights are protected by the Seventh Amendment. *Granfinanciera*, 492 U.S. at 51. Public rights include "seemingly 'private' right[s] that are created by Congress, acting as valid legislative purpose pursuant to its constitutional powers under Article I . . . ." *U.S. Bank. Nat. Ass'n v. Verizon Comm., Inc.*, 761 F.3d 409, 417 (5th Cir. 2014) (quoting *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 455 (1977)). "Bankruptcy is an example of an area involving 'public rights.'" *U.S. Bank. Nat. Ass'n*, 761 F.3d at 417.

Plaintiffs' First Amended Complaint (ECF No. 24) seeks damages, not equitable remedies, for nearly all, if not all, of the causes of actions alleged against all Defendants. The parties did not make arguments in the moving papers or at hearing as to which counts were perceived as equitable versus legal. Therefore, the Court will not attempt to ascribe classifications to Plaintiffs' causes of action in the First Amended Complaint. The Court notes, however, that when legal and equitable claims are joined, "the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *In re Antone's Records, Inc.*, 2010 WL 11678512, at *3 (quoting *Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974)). Therefore, although it is possible that there are legal and equitable claims present in this case, "the presence of equitable elements" does not generally deprive Plaintiffs to their right of trial by jury of their legal claims. *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991).

**B. Loss of the Jury Trial Right by Filing a Proof of Claim**

By filing a claim against the bankruptcy estate, "a creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Id*. at 373 (citing *Granfinanciera*, 492 U.S. at 58). Moreover, by "[triggering] the process of 'allowance and disallowance of claims' [through filing] a claim against the bankruptcy estate," the creditor then becomes "[subjected] to the equitable power of the bankruptcy court." *U.S. Bank Nat. Ass'n*, 761 F.3d at 417 (citing *Granfinanciera*, 492 U.S. at 58–59). Disputes that are integrally related to allowance or disallowance of a filed claim are equitable in nature. *Granfinanciera*, 492 U.S. at 58.

In a Fifth Circuit case where a trustee of a litigation trust alleged a right to jury trial for a fraudulent transfer suit being brought against a creditor that filed a proof of claim, the court evaluated a number of factors, including:

> 1) whether the creditor . . . [had] filed proofs of claim in the bankruptcy proceeding; (2) whether the proofs of claim [had] been resolved, and, if not, whether their resolution [would] necessarily require the resolution of the debtor's fraudulent transfer claims against [creditor][2] . . . .

*Id*. Here, Plaintiffs filed Proof of Claim #13-2 in AAF Defendants' jointly administered bankruptcy; the Claim seeks payment of about $674 million from Debtor-Defendants' estate. (Case No. 19-50900, Claim #214-2). Plaintiffs' Claim has not been resolved. While this lawsuit does not include a fraudulent transfer cause of action like the *U.S. Bank* case did, the Court must evaluate whether resolving Plaintiffs' proof of claim against Debtor-Defendants requires Plaintiffs' causes of action to be litigated.

---

[2] The Court also considered whether a debtor, as opposed to a creditor, is bound by *Langenkamp*; whether a litigation trust, succeeding to the rights of the debtor, has a right to jury trial when the debtor itself would have no such right; and whether *Stern v. Marshall*, 564 U.S. 462 (2011), required a jury trial. *U.S. Bank Nat'l Ass'n*, 761 F.3d at 418. These additional points of analysis are not relevant to the case at bar. As such, the Court does not review them here.

By filing their Claim, Plaintiffs asserted a right to bankruptcy estate assets. Apportioning estate assets is an equitable "public rights" procedure mandated by Congress under 28 U.S.C. § 157(b)(2)(B) to which jury trial right does not attach. Therefore, by filing their proof of claim, Defendants effectively converted their legal dispute to an equitable dispute. Because *Granfinanciera* held that the right to a jury trial only extends to matters that are legal in nature and involve private rights, a creditor that files a claim loses its Seventh Amendment right to a jury trial. *See Billing v. Ravin, Greenberg & Zachin, P.A.*, 22 F.3d 1242 (3d Cir. 1994) (finding that a creditor who files a proof of claim in a bankruptcy case has no right to a jury trial on issues raised in defense of their claim).

Plaintiffs argue that they reserved their right to a jury trial by including language in their Claim stating that "filing of this proof of claim is not and shall not be deemed or construed as . . . a waiver or release of the Plaintiffs' rights to a trial by jury." (Case No. 19-50900, Claim #214-2). The Court disagrees. Even if a creditor attempts to couch its claim in protective language reserving the right to a jury trial, such protective language is not binding on the Court; rather, the Court is bound by *Langenkamp* and *Granfinanciera*, which found that filing a proof of claim results in waiver of the right to jury trial. *Travellers Int'l AG v. Robinson*, 982 F.2d 96, 100 (3d Cir. 1992); *see also Matter of Peachtree Lane Assoc., Ltd.*, 150 F.3d 788, 799 (7th Cir. 1998) (finding that adversary defendants designating that counterclaims as "conditional" did not preserve their right to a jury trial).

The Court appreciates that Plaintiffs filed their Claim before this case was transferred to this Court by the Western Texas District Court. The Court also appreciates the Hobson's Choice here, which is that Plaintiffs were forced to "file a proof of claim and lose [their] right to a jury trial in the adversary proceeding, or forgo filing a proof of claim but risk the loss of [their] right to

8

participate in distribution of the bankruptcy estate." *In re Hooker Inv. Inc.*, 937 F.2d 833, 837 (2d Cir. 1991). The Court notes, however, that Plaintiffs should have appreciated the possibility of their case being transferred to this Court before deciding to file a proof of claim. Ultimately, Plaintiffs lost their right to a jury trial in this Court as a result of their own action–filing a proof of claim. By making a conscious decision to seek affirmative relief from this Court by filing a proof of claim, Plaintiffs' Claim implicates the claim allowance process and could impact distribution of assets of the estate. Because it is "clear that a creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on issues raised in defense of such claim," the Court must strike the Amended Jury Demand and deny Plaintiffs' request for a jury trial in this Court. *Billing*, 22 F.3d at 1250 (citing *Langenkamp*, 498 U.S. at 45).

IT IS HEREBY ORDERED that Plaintiffs' Jury Demand (ECF No. 14), as filed in this Court, is STRICKEN.

# # #

9