**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| IN RE: § § § LEGENDARY FIELD § EXHIBITIONS, LLC, ET AL, § § DEBTORS. § § | CASE NO. 19-50900-CAG-7 CHAPTER 7 |
| COLTON SCHMIDT, INDIVIDUALLY § AND ON BEHALF OF OTHERS § SIMLARLY SITUATED; AND REGGIE § NORTHRUP, INDIVIDUALLY AND ON § BEHALF OF OTHERS SIMILARLY § SITUATED, § § PLAINTIFFS, § § AAF PLAYERS, LLC, THOMAS DUNDON, § CHARLES "CHARLIE" EBERSOL, § LEGENDARY FIELD EXHIBITIONS, § LLC, AAF PROPERTIES, LLC, EBERSOL § SPORTS MEDIA GROUP, INC. AND § DOES 1 THROUGH 200, INCLUSIVE § § DEFENDANTS. § | ADV. PROC. NO. 19-05053 |

**PLAINTIFFS' MOTION FOR LEAVE TO APPEAL**

TO THE HONORABLE JUDGE GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

"Colton Schmidt, individually and on behalf of other similarly situated; and Reggie Northrup, individually and on behalf of others similarly situated (collectively "Appellants"),"file this Motion for Leave to Appeal (the "Motion"), pursuant to 28 U.S.C. §§ 158(a)(3) & 1292(b) and Federal Rule of Bankruptcy Procedure 8004 (the "Bankruptcy Rules"), for entry of an order granting Appellants' request for interlocutory appeal, and would show the Court as follows:

On January 10, 2020, the Honorable Craig A. Gargotta, United States Bankruptcy Judge, issued an Order Striking Plaintiffs' Jury Demand [Dkt. No. 70] ("the "Order") in the above-referenced Adversary Proceeding, a copy of which is attached hereto as **Exhibit "A**

**MOTION FOR LEAVE**

## TABLE OF CONTENTS

I.  STATEMENT OF FACTS ................................................................................................ 1

II. STATEMENT OF RELIEF SOUGHT............................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

   A.  The Striking of a Jury Demand May Be The Subject Of an Interlocutory Appeal..... 3

   B.  Interlocutory Appeal Should Be Granted.................................................................... 3

      1.  A controlling issue of law is involved..................................................................... 4

      2.  The second prong of the interlocutory appeal analysis is satisfied in this matter.. 10

      3.  An immediate appeal will materially advance the ultimate termination of the litigation. ................................................................................................................ 10

IV. PRAYER........................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ..................... 5

*APCC Services, Inc. v. AT&T Corp.*, 297 F.Supp. 2d 101, 107 (D. D.C. 2003) .......................... 5

*Bayless v. Crabtree Through Adams,* 108 B.R. 299, 305 (W.D. Okla. 1989), *aff'd,* 930 F.2d 32 (10th Cir. 1991) ................................................................................................................... 7

*Chaplin v. Harbison Group (In re Friedberg)*, 119 B.R. 433, 434 (S.D. N.Y. 1990) .................. 10

*City Stores Co. v. Lerner Shops,* 410 F.2d 1010, 1011 (D.C. Cir. 1969) ....................................... 5

*Curtis v. Loether*, 415 U.S.189, 196 n. 11 (1974) ......................................................................... 3

*Davis v. The Merv Griffin Co.* .................................................................................................. 9, 10

*Froiland v. Smart-Fil Mgmt. Group, Inc.,* No. 1:18-CV-623-RP, 2018 WL 6220126, *1 (W.D. Tex. Oct. 3, 2018) .................................................................................................................. 4

*Germain v. Connecticut Nat. Bank*, 503 U.S. 249 (1992) ...................................................... 3, 6, 7

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) ........................................................ 4, 5, 9

*Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir.1991) ........................................ 3, 4

*In re Antone's Records*, 2010 WL 11678512, at *3 (Bankr. W.D. Tex. Feb. 5, 2010) ................. 3

*In re Behring & Behring*, 445 F.2d 1096, 1098–99 (5th Cir.1971) .............................................. 7

*In re Belmonte*, 551 B. R. 723,726 (Bank. E.D.N.Y. 2016) ........................................................ 3

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F.Supp.2d 903, 909-10 (S.D. Ind. 2002) ................................................................................................................................... 5

*In re Exide Technologies* .............................................................................................................. 8

*In re Harrah's Entm't, Inc. Sec. Litig.,* Civ. A. No. 95–3925, 1996 WL 684463, *3 (E.D. La. Nov. 26, 1996) ............................................................................................................................... 8

*In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991) ....................................................................... 4, 8

*In re Mirant Corp. v. The South C*o., 337 B.R. 107 (N. D. Tex. 2006) .................................... 7, 8

*In re O'Conner*, 258 F.3d 392, 399-400 (5th Cir. 2001) .............................................................. 3

*In re Oakwood Homes Corp.* .................................................................................................. 7

*In re Rickel*, 320 B.R. 513, 517–18 (Bankr. S.D.N.Y. 2005) ...................................................... 8

*Katchen v. Landy*, 382 U.S. 323 (1966).......................................................................... 5, 6, 9

*Langenkamp v. Culp*, 498 U.S. 42 (1990)..................................................................... 4, 6, 8, 9

*N.I.S Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1505 (7th Cir. 1991).......................... 7

*Pub. Interest Research Group v. Hercules, Inc.*, 830 F.Supp. 1549, 1556 (D. N.J. 1993)............. 5

*U.S. Bank Nat'l Ass'n v. Verizon*, 761 F. 3d 409 (5th Cir. 2014) .................................................. 8

**Statutes**

1292(b) ................................................................................................................. 1, 3, 4, 5

28 U.S.C. §§ 158(a)(3) ............................................................................................... 1, 3

**Rules**

Federal Rule of Bankruptcy Procedure 8004 ................................................................... 1

## I. STATEMENT OF FACTS

1. This putative class action arose pre-bankruptcy in connection with the now defunct professional football league, the Alliance of American Football ("AAF"). The original complaint was filed on April 10, 2019 in the Superior Court of the County of San Francisco in the State of California (the "Civil Action"), which included a demand for jury. *See* Dkt. No. 8 (the original Complaint). In addition to claims for breach of contract and violations of the California Labor Code, the complaint included causes of action for breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraud, false promise and inducing breach of contract. The Complaint named Defendant Charles "Charlie" Ebersol ("Ebersol") and Thomas Dundon ("Dundon") (sometimes collectively referenced herein as the "non-debtors"), as well as a series of entities, including AAF Players, LLC ("AAF Players"), Legendary Field Exhibitions, LLC ("LFE"), AAF Properties, LLC, ("AAF Properties") and Ebersol Sports Media Group, Inc. ("ESMG") (sometimes collectively referenced herein as the "Debtors").

2. On April 17, 2019 (the "Petition Date"), each of the Debtors filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (San Antonio), which cases were substantively consolidated. *See* Dkt. No. 150, Case No. 19-50900. On June 24, 2019, Dundon removed the Civil Action to the United States District Court for the Northern District of California. Dundon thereafter moved to dismiss or, alternatively, transfer to this action to the United States Bankruptcy Court for the Western District of Texas (San Antonio). *See* Dkt. Nos. 6 & 7. The Honorable Charles R. Breyer thereafter granted the motion to transfer and then referred the case to the Bankruptcy Court on September 23, 2019. Dkt. No. 1.

3. On July 15, 2019, Appellants filed a class Proof of Claim. *See* Claim No. #214-1 and Amended Proof of Claim #214-2. Appellants expressly state in their proof of claim addendum:

> No Consent to Jurisdiction; No Waiver of Jury Trial. The filing of this Proof of Claim is not and shall not be deemed or construed as: (i) a consent to jurisdiction

of this Court with respect to proceedings, if any, commenced in any of the Debtors' cases involving the Proof of Claim or the Plaintiffs; (ii) a waiver or release of the Plaintiffs' rights to a trial by jury; (iii) a consent to this Court's entry of final orders or judgments with respect to the Proof of Claim or any other matter involving the Plaintiffs; (iv) a waiver of the Plaintiffs' rights to have any and all orders and judgments of this Court reviewed de novo by a court duly authorized under Article III of the United States Constitution; or (v) a waiver of the Plaintiffs' rights to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in the Debtors' bankruptcy cases or otherwise involving the Plaintiffs.

4. In addition to the original jury demand in the Civil Action and in compliance with this Court's local rules, Appellants filed their Amended Jury Demand (Dkt. No. 17) and Amended Statement Regarding Consent (Dkt No. 27). As described in the Order:

> Plaintiffs' Amended Statement Regarding Consent provides that Plaintiffs do not consent to conduct a jury trial by the bankruptcy court. Plaintiffs contend that the matters at issue, except the counts for promissory estoppel and violations of the California Business and Professions Code (for which Plaintiffs seek trial by jury under Fed R. Civ. P. 39(c)), sound in state law and are afforded the right to trial by jury under state law. Plaintiffs contend that their claims against non-debtor defendants are non-core. Finally, Plaintiffs state that to the extent the matters presented are non-core, Plaintiffs do not consent to entry of final orders by the Bankruptcy Court.

Order at p. 4.

5. Non-debtor Dundon and the Chapter 7 trustee, on behalf of the Debtors, each filed a response to Appellants' Amended Statement Regarding Consent. *See* Dkt. Nos. 36 (Dundon) & 43 (Trustee). A hearing was set relating to Appellants' jury demand for December 4, 2019 (the "Hearing"). *See* Dkt. No. 37. Appellants filed a Reply in Support of Plaintiffs' Amended Statement Regarding Consent on November 22, 2019. Dkt. No. 42.

6. Following oral argument at the Hearing, the Honorable Craig A. Gargotta issued the Order striking Appellants' jury demand.

## II. STATEMENT OF RELIEF SOUGHT

7. Appellants seek leave to pursue an interlocutory appeal of the Order to reverse the Order and preserve their right to a jury trial.

### III.    ARGUMENT

**A. The Striking of a Jury Demand May Be The Subject Of an Interlocutory Appeal.**

8.     An order striking a jury demand is interlocutory. *See, e.g.*, *In re Belmonte*, 551 B. R. 723,726 (Bank. E.D.N.Y. 2016). District courts have jurisdiction to consider appeals from interlocutory orders issued by bankruptcy courts. 28 U.S. C. §158(a). Courts in the Fifth Circuit apply the review process of 28 U.S.C. § 1292(b) (i.e., that of interlocutory appeal from the district court to the circuit appeals court) to decide issues related to interlocutory appeals from the bankruptcy court to the district court. *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir.1991)). It is firmly within the district court's discretion whether to grant such an appeal. *See In re O'Conner*, 258 F.3d 392, 399-400 (5th Cir. 2001); *Germain v. Connecticut Nat. Bank*, 503 U.S. 249 (1992) (holding the district court and Court of Appeals have jurisdiction to address the denial of a creditor's motion to strike trustee's jury demand).

**B. Interlocutory Appeal Should Be Granted.**

9.     The issue presented is whether Appellants, having commenced a state-court action against the Debtors and Non-Debtors in which a jury trial was sought, which was thereafter removed to the bankruptcy court at the instance of a non-debtor defendant, waived their right to a jury trial by virtue of filing a proof of claim against the Debtors. Secondary issues include whether the Bankruptcy Court denied Appellants a jury trial without a determination as to whether Appellants' claims against the Non-Debtors are non-core and the import of Appellants' addendum to their proof of claim. In the event this court is not willing to permit interlocutory appeal, Appellants request that the court consider granting review under mandamus based upon the arguments set forth herein.

10.     Here, the Order sought to be appealed acknowledges Appellants' complaint seeks both legal and equitable remedies. At page 6 of the Order, the Bankruptcy Court states:

> …when legal and equitable claims are joined, 'the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *In re Antone's Records*, 2010 WL 11678512, at *3 (Bankr. W.D. Tex. Feb. 5, 2010) (quoting *Curtis v. Loether*, 415 U.S.189, 196 n. 11 (1974)). Therefore, although it is

possible that there are legal and equitable claims present in this case, "the presence of equitable elements" does not generally deprive Plaintiffs to their right of trial by jury of their legal claims. *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991).

Nonetheless, the Bankruptcy Court struck Appellants' jury demand based on its finding that under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) and *Langenkamp v. Culp*, 498 U.S. 42 (1990), "filing a proof of claim results in a waiver of the right to jury trial." *See* Order at p. 8.

11. The Order does not (1) decide whether Appellants' fraud, estoppel, etc. claims against non-debtors were core or non-core claims or (2) address the import of claims against the Non-Debtors, including how the outcome of such claims could have a bearing on the reorganization of the Chapter 7 Debtors. Rather, the Order generically concludes, "Apportioning estate assets is an equitable "public rights" procedure…. Therefore, by filing their proof of claim, Defendants effectively converted their legal dispute to an equitable dispute….". *See* Order at p. 8.

12. When determining whether to grant a motion for interlocutory appeal, courts within the Fifth Circuit have generally applied the standard provided by 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders. *In re Ichinose*, 946 F. 2d 1169, 1177 (5th Cir. 1991). Under 28 U.S.C. § 1292(b), leave to appeal should be granted when, "(1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation." *Froiland v. Smart-Fil Mgmt. Group, Inc.,* No. 1:18-CV-623-RP, 2018 WL 6220126, *1 (W.D. Tex. Oct. 3, 2018) (citing *Ichinose*).

13. As set forth herein, this case meets the standards for interlocutory appeal.

**1. A controlling issue of law is involved.**

14. The Seventh Amendment of the United Sates Constitutes provides, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…" U.S. Constitution, Amendment VII. Here, there is no question that the Order striking Appellants' right to a jury trial in the context of an adversary proceeding involves a "controlling" issue of law. *See, e.g., Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674,

676 (7th Cir. 2000) (determining 1292(b) has reference to "a question of the meaning of a statutory or constitutional provision").

    **i. The question is one where there is substantial ground for difference of opinion.**

15. "A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *See City Stores Co. v. Lerner Shops,* 410 F.2d 1010, 1011 (D.C. Cir. 1969); *see also In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F.Supp.2d 903, 909-10 (S.D. Ind. 2002) (certification is appropriate where other courts have adopted conflicting positions regarding the issue of law proposed for certification). A substantial ground for dispute also exists where a court's challenged decision conflicts with decisions of several other courts. *See Pub. Interest Research Group v. Hercules, Inc.*, 830 F.Supp. 1549, 1556 (D. N.J. 1993); *APCC Services, Inc. v. AT&T Corp.*, 297 F.Supp. 2d 101, 107 (D. D.C. 2003).

16. The issues raised by the Order are appropriate for interlocutory review because there are conflicting decisions in other circuits and there is a dearth of decisions within the Fifth Circuit addressing the right to a jury trial where: (a) a non-debtor plaintiff brings an action against both debtors and non-debtors, (b) the litigation involves a mix of core and non-core claims; and (c) the plaintiffs have filed a class proof of claim against some but not all of the defendants (here at least two of the defendants are not in bankruptcy).

    **a) Supreme Court decisions do not address non-debtor right to jury trial where non-debtor is the plaintiff and debtors and non-debtors are defendants outside the claims allowance process.**

17. In *Granfinanciera,* the question presented was whether a person who had not submitted a claim against the bankruptcy estate had a right to a jury trial when that person was sued *by the trustee* to recover an allegedly fraudulent monetary transfer. The Supreme Court held that a bankruptcy trustee's right to recover a fraudulent conveyance was a private, not public, right and thus the person was entitled to a jury trial, despite the statutory nature of the trustee's claim against it. In so finding, the Supreme Court referenced *Katchen v. Landy*, 382 U.S. 323 (1966).

19-05053-cag Doc#77 Filed 01/27/20 Entered 01/27/20 19:14:36 Main Document Pg 10 of 16

*Katchen* involved a trustee's challenge to the allowance of a creditor's proof of claim by way of a preference action (or counterclaim) against the creditor. Thus, in *Katchen*, the Court held where *a creditor is sued by the estate* and that creditor has previously filed a proof of claim, the right to jury trial was forfeited. *Id*. at 476. Another Supreme Court opinion, *Langenkamp v. Culp*, involved preference *actions by a trustee* against creditors that had filed proofs of claims, but such preference actions were not directly brought in response to a motion to allow the creditors' claims. 498 U.S. 42 (1990). *Langenkamp* held that creditors that had filed proofs of claims were not entitled to a jury trial because "the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor/creditor relationship through the bankruptcy court's equity jurisdiction." *Id*. at 44-45.

18. These Supreme Court decisions address matters brought on behalf of a bankruptcy estate as part of the claims allowance process wherein the creditor/defendant has (or has not) filed a proof of claim. In those instances, the filing of a proof of claim abrogates a party's Seventh Amendment right to jury trial. These decisions <u>do not</u> address the rights of a non-debtor putative class of plaintiffs to a jury trial where the plaintiffs assert largely state-law claims against both debtors and non-debtors and have also filed a class proof of claim against the debtors.

   b) **Circuit Court decisions conflict and/or are not on point.**

19. In *Germain v. The Connecticut Nat'l Bank*, the Second Circuit Court of Appeals held that a debtor's filing of a voluntary bankruptcy petition did not strip a bankruptcy trustee's right to jury trial where allowance or disallowance of a creditor's claim had no bearing on (or could be decided separately from) the trustee's tort claims against the creditor. 988 F.2d 1323, 1327 (2d Cir. 1993) ("[t]he very phrase "claims-allowance process" suggests that the resolution of the dispute in which a jury trial is sought must 'affect the allowance of the creditor's claim in order to be part of that process. A preference action does so; lender liability actions generally do not.").

20. Accordingly, the *trustee's* right to jury trial remained, even where the creditor/defendant had filed a proof of claim, because the filing of a proof of claim alone did not waive the right to jury trial. *Id*. at 1328-29 ("the [trustee's tort] claims are not bankruptcy claims

**MOTION FOR LEAVE** **Page 6**

and only incidentally implicate provisions of the Bankruptcy Code. Moreover, actions that are normally legal cannot be "magically converted into equitable issues" merely because they arise out of equitable proceedings."); *cf. In re Behring & Behring*, 445 F.2d 1096, 1098–99 (5th Cir.1971) (a Bankruptcy Act case assessing jurisdiction of trustee claims); *but see N.I.S Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1505 (7th Cir. 1991) (holding debtor consented to jurisdiction by filing bankruptcy petition and thereby the *debtor* waived right to jury trial); *Bayless v. Crabtree Through Adams,* 108 B.R. 299, 305 (W.D. Okla. 1989), *aff'd,* 930 F.2d 32 (10th Cir. 1991) (holding legal assertions, otherwise subject to jury trial, *brought by trustee or debtor* are "open to adjudication in equity by Bankruptcy Judges under their power to afford complete relief").

21. The Fifth Circuit has not reviewed the *Germain* opinion; however, at least one opinion from the district court for the Northern District of Texas has cited the *Germain* opinion favorably. *See In re Mirant Corp. v. The South C*o., 337 B.R. 107 (N. D. Tex. 2006).

22. In *In re Oakwood Homes Corp*., debtor was a home manufacturer. 378 B.R. 59, 70 (Bankr. D. Del. 2007). Defendants were underwriters and, based on the debtor's financial issues, agreed to assume the role of lender and agent. Debtor filed a Petition for relief under Chapter 11. Defendants filed proofs of claims. Plaintiff/Debtor then filed an adversary action and objected to the proofs of claims arising from Defendants' actions *preceding and following* the filing of the bankruptcy petition based on various tort claims, including breach of fiduciary duty and negligence. On the issue of whether the filing of an adversary proceeding in the bankruptcy court constituted a waiver of the plaintiff/Debtor's right to a jury trial, the court explained the split among the courts as follows:

> Circuits are split on Defendants' core proposal—that any adversary proceeding filed by the representative of a debtor's estate in a bankruptcy court, rather than in some alternative forum, categorically eliminates any and all of the estate's jury trial rights forever.

*Id*. at 70 (comparing *Germain,* 988 F.2d at 1330 ("We conclude that neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a

jury trial whenever a proof of claim is filed.") and *In re Jensen,* 946 F.2d 369, 373–74 (5th Cir.1991) (debtor's petition in the bankruptcy court does not affect its right to a jury trial)).

23. In *Mirant*, the district court addressed whether the reference could be withdrawn to the district court for a jury trial on non-core causes of action in an adversary action, even where the plaintiffs filed proofs of claim in the Chapter 11 bankruptcy, stating:

> The mere fact that plaintiffs filed proofs of claim in the title 11 cases did not convert the legal claims into equitable claims. Resolution of the legal claims raised in this action will not directly affect the liability or priority of Southern's proofs of claim in the bankruptcy cases, nor do the legal claims asserted in this action arise as part of the process of allowance or disallowance of claims in bankruptcy. Rather, they essentially are claims brought *by the debtors and Committee* to augment the bankruptcy estate. The determinations of the legal claims in this action simply will not directly implicate the bankruptcy claim resolution process, nor will the power of the bankruptcy court to readjust the debtor-creditor relations and reorder creditor claims equitably and completely be diminished if the legal claims in this action are tried to a jury.

*Id.* at 121 (internal citations omitted) (also citing *In re Rickel*, 320 B.R. 513, 517–18 (Bankr. S.D.N.Y. 2005)); *compare U.S. Bank Nat'l Ass'n v. Verizon*, 761 F. 3d 409 (5th Cir. 2014) (affirming finding that the *trustee's* constitutional right to a jury trial was extinguished because resolution of its fraudulent transfer claims was part of equitable claims-allowance process).

24. In *In re Exide Technologies*, the Third Circuit addressed whether the filing of a proof of claim constituted a waiver of a jury trial right for claims involving non-debtors in the context of a larger discussion as to what constitutes core and non-core proceedings. 544 F. 3d 196, 220-21 (3d Cir. 2008) (rejecting the notion that claims involving both debtors and non-debtors are automatically transformed to "core" proceedings). On the issue of waiver, the court explained:

> We can find no authority to support Exide's broad assertion as to the impact of filing proofs of claim. We agree with the appellants that, as a general rule, "actions asserted by those plaintiffs who filed actions against non-debtor parties exclusively, regardless of whether they filed a proof of claim," are "presumptively non-core."

*Id*. at 215. (internal citations omitted) (quoting *In re Harrah's Entm't, Inc. Sec. Litig.,* Civ. A. No. 95–3925, 1996 WL 684463, *3 (E.D. La. Nov. 26, 1996), "While... *[Langenkamp]* might stand

for the proposition that plaintiffs have waived their jury trial right against ... [the debtor] by submitting a proof of claim in the ... [debtor's] bankruptcy proceedings ... *[Langenkamp]* do[es] not stand for the broader proposition that plaintiffs have waived their jury right in a non-core proceeding ... against non-debtor defendants simply by filing a proof of claim against a debtor in a related bankruptcy case").

25. In *Davis v. The Merv Griffin Co.*, the court addressed facts almost identical to the case at bar and determined that the filing of a proof of claim did <u>not</u> result in a waiver of the right to a jury trial. 128 B.R. 78 (D. N.J. 1991). In *Davis*, the plaintiff filed a state-court action against Resorts International, Inc. ("Resorts"), Merv Griffin ("Griffin"), and The Griffin Company ("TGC"). The complaint alleged breach of contract, wrongful termination, violation of wage and salary laws, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, negligent infliction of economic harm and for declaratory relief. Like the case at bar, Resorts filed an involuntary petition under Chapter 11 and the state court issued an order severing the claims against Resorts from the claims against the other defendants. Defendants thereafter removed the state court action to district court and the district court thereafter referred the action to the bankruptcy court. **Plaintiff then filed proof of an unsecured claim against Resorts** and sought to have the case remanded to district court. In a lengthy discussion addressing *Granfinanciera* and *Katchen*, the court in *Davis* concluded:

> Having determined that Davis' claims against Griffin and TGC are non-core related proceedings, the bankruptcy court is without authority to conduct a jury trial on those claims. The causes of action set forth in the complaint for breach of contract, tortious interference with contract rights, and breach of covenants of good faith and fair dealing are clearly legal claims to which the plaintiff has a right to trial by jury guaranteed by the Seventh Amendment. Preservation of the plaintiff's right to proceed to trial by jury on his claims in this action, as guaranteed by the Seventh Amendment constitutes in this Court's view "equitable grounds" to remand this action to the District Court. **Defendants argue that Davis may have waived any right that he might otherwise have had to a jury trial in this adversary proceeding by filing a proof of claim in the Resorts Chapter 11 proceeding**, thereby submitting to the equitable jurisdiction of the Bankruptcy Court. In this respect, **the Court must differentiate between Davis' claims against Resorts, represented by the filing of a proof of claim, and his**

**claims against Griffin and TGC, non-debtors here**. Nor has defendants demonstrated otherwise that at this point in the proceedings Davis has waived his right to a jury trial.

*Id*. at 102. (emphasis added).

### 2. The second prong of the interlocutory appeal analysis is satisfied in this matter.

26. The above cases demonstrate that there is a substantial ground for difference of opinion, conflicting decisions in other circuits and dearth of precedent with respect to whether, following the referral of non-debtor Appellants' state-law claims against both debtors and non-debtors to the bankruptcy court, Appellants waived their right to a jury trial by filing a proof of claim against the debtors and/or whether the Bankruptcy Court was required to make findings preliminary to its denial of Appellants' rights to a jury trial.

### 3. An immediate appeal will materially advance the ultimate termination of the litigation.

27. Assuming no waiver, Appellants have an absolute right to a jury trial as to their claims against non-debtors. Absent an interlocutory appeal, the issue will be effectively mooted. It is inconceivable that after litigating this case before the Bankruptcy Court, a separate appeal would be brought on the issues presented by this motion. However, even assuming that such an appeal would be brought, it is hard to imagine a more wasteful use of the court's resources, not to mention the resources of the bankruptcy estate and the parties. A favorable finding on appeal will require re-litigation of all issues improperly decided by the Bankruptcy Court. Thus, a proposed interlocutory appeal will therefore materially advance the ultimate termination of the litigation and work to the benefit of all concerned parties. *See, e.g., Chaplin v. Harbison Group (In re Friedberg)*, 119 B.R. 433, 434 (S.D. N.Y. 1990).

### IV. PRAYER

WHEREFORE, based on the foregoing, Appellants request the Court grant their Motion, and that they be granted such other and further relief to which they may show themselves justly entitled.

Dated: January 27, 2020

Respectfully submitted,

*/s/ Jonathon Farahi*

**Boris Treyzon (CA SBN 18893)**
**Jonathon Farahi (CA SBN 324316)**

**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424) 288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

-and-

**Joshua L. Hedrick**
Texas State Bar No. 24061123
**Katharine Battaia Clark**
Texas State Bar No. 24046712
**Mark A. Fritsche**
Texas State Bar No. 24100095

**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone: (214) 880-9600
Fax: (214) 481-1844
Josh@HedrickKring.com
KClark@HedrickKring.com
Mark@HedrickKring.com

**COUNSEL FOR COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system on the 27th day of January, 2020.

*/s/ Jonathon Farahi*
Jonathon Farahi