**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| IN RE:<br><br>LEGENDARY FIELD EXHIBITIONS, LLC, ET AL,<br><br>    DEBTORS. | CASE NO. 19-50900-CAG-7<br><br>CHAPTER 7 |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>    PLAINTIFFS,<br><br>AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE<br><br>    DEFENDANTS. | ADV. PROC. NO. 19-05053 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

NOW COME Plaintiffs COLTON SCHMIDT and REGGIE NORTHRUP, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), who hereby submit this reply (the "Reply"), pursuant to L.R. 7007(c), in support of their Motion for Leave to File Third Amended Complaint ("Motion") (Dkt. No. 91). This Reply is based on the accompanying memorandum of points and authorities, the Motion, the proposed Third Amended Complaint ("TAC") (Dkt. No. 89), and the pleadings and papers on file in this adversary proceeding.

/ / /

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

## I. RELEVANT PROCEDURAL HISTORY

1. Plaintiffs filed the complaint ("Complaint," Dkt. No. 1-1) in California Superior Court in San Francisco (the "Civil Action").[1] The Complaint named the Alliance of American Football ("AAF"), Charles "Charlie" Ebersol ("Ebersol"), AAF Players, LLC ("AAF Players"), Legendary Field Exhibitions, LLC ("LFE"), Thomas Dundon ("Dundon"), AAF Properties, LLC ("AAF Properties"), and Ebersol Sports Media Group, Inc. ("ESMG") (collectively, the "Defendants"). *See* TAC at ¶¶ 2(a) and (d)-(f).

2. On April 17, 2019 (the "Petition Date"), ESMG, Ebersol, AAF Players and LFE filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (San Antonio).

3. Following the Petition Date, as a result of Ebersol's continued motion practice, this action was eventually transferred to this Court to be conducted as an adversary proceeding.

4. On September 23, 2019, Dundon filed his Motion to Dismiss for Failure to State a Claim for Relief in the Western District. [Dkt. Nos. 3 & 4]. On October 29, 2019, Plaintiffs filed their opposition and moved for leave to amend their pleading with a First Amended Complaint ("FAC"). [Dkt. Nos. 22, 23 & 24]. Also, on October 29, 2019, Ebersol filed his Motion to Dismiss for Failure to State a Claim for Relief in the Western District. [Dkt. No. 19].

5. On November 7, 2019, the Court granted Plaintiffs leave and denied Dundon's and Ebersol's original Motions to Dismiss as moot. [Dkt. Nos. 30 and 31]. On November 22, 2019, Dundon filed his Motion to Dismiss Plaintiffs' FAC for failure to state a claim. [Dkt. No. 38-40]. On November 25, 2019, Ebersol filed his Motion to Dismiss Plaintiff's FAC for failure to state a claim. [Dkt. No. 46]. On December 6, 2019, Plaintiffs filed their oppositions to Dundon's and Ebersol's renewed Motions to Dismiss. [Dkt. Nos. 51 and 53].

---

[1] Pursuit to California Code of Civil Procedure 425.10, a complaint sets forth "a statement of facts constituting the cause of action, in ordinary and concise language."

6. On January 13, 2020, the Court conducted a hearing on Dundon's and Ebersol's renewed Motions to Dismiss. Following the hearing, the Court granted Dundon's motion with prejudice and without leave to amend as to Count VIII (Inducing Breach of Contract). The Court also granted Dundon's motion without prejudice, but granted Plaintiffs leave to amend within fourteen (14) calendar days from the date of the entry of the order on Dundon's motion as to Counts III (Promissory Estoppel); VI (Fraud); and VII (Promissory Fraud). [Dkt. No. 81]. The Court granted Ebersol's motion with prejudice and without leave to amend as to Count IV (Violation of Cal. Labor Code § 201, et seq.) and denied his motion as to Counts III (Promissory Estoppel); VI (Fraud); and VII (Promissory Fraud). Ebersol was further ordered to file an answer to Plaintiffs' Second Amended Complaint ("SAC") within fourteen (14) calendar days of Plaintiffs' filing the SAC. [Dkt. No. 82].

7. On February 24, 2020, Plaintiffs filed their SAC, consistent with this court's orders, [Dkt. Nos. 81 and 82]. While Plaintiffs believed they arguably had leave to include claims brought forward in the TAC based on the Court's finding on Dundon's motion to dismiss, out of an abundance of caution, Plaintiffs filed the TAC along with the Motion because Plaintiffs' TAC proposes to add two additional counts – (1) Violation of Cal. Labor Code § 970 against Defendant Dundon; and (2) Negligent Misrepresentation against Defendant Dundon and Defendant Ebersol. TAC at ¶¶ 190-218.

8. On March 11, 2020, Dundon and Ebersol each filed oppositions to the Motion. Ebersol's opposition (Dkt. No. 99) and Dundon's opposition (Dkt. 100) both argue that (i) Plaintiffs' have inexplicably delayed in bringing their additional Cal. Labor Code § 970 and negligent misrepresentation claims; (ii) Defendants will be prejudiced should Plaintiffs' Motion be granted; and (iii) the amendments Plaintiffs propose in their TAC are futile.

II. **STANDARD OF REVIEW**

9. The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2), incorporated into this proceeding by Bankruptcy Rule of

Procedure 7015. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).

10. "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, there is no "magic number" of appropriate amendments in any given matter.

11. The Fifth Circuit has held that "granting leave to amend is especially appropriate" in the context of motions to dismiss at the pleading stage, and permission to amend in that context "should be denied only if it appears to a certainty that plaintiff cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced." *Texas Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 421 (5th Cir. 2013) (quoting *Hildebrand v. Honeywell, Inc*.) 512 F.2d 179,182 (5th Cir. 1980).

### III. ARGUMENT

12. Ebersol does not argue that bad faith, dilatory motive or repeated failures to cure the deficiencies justify the denial of leave to amend. Instead, Ebersol alleges undue delay, prejudice, and futility. However, Ebersol's arguments ignore that (a) the Court granted leave to amend in ruling on Ebersol's motion to dismiss; (b) this proceeding remains in its early phases; and (c) the latest motion to dismiss will address Ebersol's futility argument, which Plaintiffs will demonstrate is without merit.

/ / /

/ / /

13. "[L]eave to amend 'shall be freely given when justice so requires,'" which "mandate is to be heeded," so ordinarily "a plaintiff ... ought to be afforded an opportunity to test his claims on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

14. "Delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux, v. Lousiana Health Serv. Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). Courts in this district have decided "delay alone cannot justify" a decision to deny leave to amend. *Dissouy v. Gulf Coast Inv. Corp*., 660 F.2d 594,599 (5th Cir. 1981). As Plaintiffs' counsel has declared under penalty of perjury, the proposed amendments are not a product of bad faith, nor are they a product of a dilatory motive. Rather, Plaintiffs are diligently pursuing their claims, and have amended their complaint accordingly following leave to do so.

15. Defendant Ebersol argues amendment will unduly prejudice him because Ebersol has already gone to great expense in responding appropriately to the Plaintiffs' complaint and that Ebersol will certainly file another motion to dismiss. [Dkt. 99 at ¶ 14 & 16].

16. However, the law in this jurisdiction is clear,[2] Ebersol's convenience and desire for speedy resolution cannot overcome the presumption in favor of amendment. Further, the burdens of additional briefing and would fall equally on the shoulders of all parties, not solely on the Defendant.

17. Ebersol admits he has been on notice of the underlying facts for at least 11 months. [Dkt. 99 at ¶ 13], and arguably it is Ebersol's active motion practice shopping venue that has caused the greatest amount of delay in these cases (which motion practice did not even begin to address the merits). The effect of a denial of leave to amend on Plaintiffs, on the other hand, would be severe, because they would be unable to pursue viable theories of recovery against Defendant Ebersol.

/ / /

---

[2] Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 599. *See also Caldwell v. Medina*, 2019 WL6311371 (D.C. W.D. Texas, Austin Division 2019) (concluding that Defendants' convenience and desire for speedy resolution is insufficient to overcome the presumption in favor of amendment.)

18. Lastly, with respect to Ebersol's futility argument, he also fails.

19. Ebersol does not argue that Plaintiffs fail to plead a valid claim for negligent misrepresentation under California law, arguably conceding the allegations against Ebersol for negligent misrepresentation meet the standard required by *Stripling v. Jordan Prod*. Co., 234 F.3d 863,872-73 (5th Cir. 2000).

20. Defendant Ebersol argues that claims that Plaintiffs cannot state a claim against Ebersol under California Labor Code §970 because 1) the court has already dismissed similar claims against Ebersol under the California Labor Code and 2) Plaintiffs must prove Ebersol caused them "to change from one place to another." [Dkt. 99 at ¶ 19]. These arguments are premature and, in any event, are not supportable.Unlike the previous labor code allegations against Ebersol (requiring Ebersol to be Plaintiffs direct employer), California Labor Code § 970 clearly reads, "**no person, or agent or officer thereof directly or indirectly**…" Plaintiffs' TAC alleges Ebersol's knowingly false representations were made both in his capacity as an individual **person** and as an **agent** of the AAF. *See* TAC at ¶¶ 5 and 9. If the California legislature evidenced an intent to allow only employers to be held liable for knowingly false accusations, the legislature would have used the same language used in California Labor Code § 201[3] requiring an employer-employee relationship.

21. Moreover, the standard at this phase of the case is not one of summary judgment but rather of minimal pleading, and such standard is applied in the context of a motion to dismiss. Thus, Ebersol's attempt to apply a futility argument by application of empty assertions that Ebersol's theory is correct, and Plaintiffs' theory is not, does not present this Court a basis to deny Plaintiffs' Motion.[4]

/ / /

/ / /

---

[3] California Labor Code § 201 is the California Labor Code that Plaintiffs had previously alleged that Defendants had violated which states.

[4] Defendant Ebersol's claim that Plaintiffs fail to even allege Ebersol caused them "to change from one place to another" is simply incorrect. Throughout the TAC, Plaintiffs allege Ebersol caused them to change their residence. *See* TAC at ¶¶ 93, 196.

22. Both the applicable rules of procedure and case law direct leave to amend should be freely given. Defendant Ebersol's arguments are not persuasive; Plaintiffs' Motion should be granted.

## IV. CONCLUSION

For all these reasons and those stated in the Motion, Plaintiffs respectfully request the Court grant them leave to file a Third Amended Complaint.

Dated: March 18, 2020

Respectfully submitted,

*/s/ Jonathon Farahi, Esq.*

**Boris Treyzon** (CA SBN 18893)
**Jonathon Farahi** (CA SBN 324316)

**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424) 288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

-and-

**Katharine Battaia Clark**
Texas State Bar No. 24046712

**Thompson Coburn LLP**
1919 McKinney Avenue, Suite100
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
KClark@ThompsonCoburn.com

**COUNSEL FOR PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

# CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of March, 2020, a true and correct copy of the foregoing pleading has been served electronically via the Court's ECF filing system on those parties who receive notice from that system, with a courtesy copy by email to the below service list.

AFF Players, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

AAF Properties, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Ebersol Sports Media Group, Inc.
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Legendary Field Exhibitions, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Brian S. Engel, Esq.
Barrett Daffin Frappier Turner & Engel
3809 Juniper Trace, Suite 205
Austin, TX 78738
brianen@bdfgroup.com

Jeffrey S. Lowenstein, Esq.
Alana K. Ackels, Esq.
Brent D. Hockaday, Esq.
Brent A. Turman, Esq.
Bell Nunnally & Martin
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
jlowenstein@bellnunnally.com
aackels@bellnunnally.com
bhockaday@bellnunnally.com
bturman@bellnunnally.com

Jason I. Bluver, Esq.
Leila S. Narvid, Esq.
Payne & Fears LLP
235 Pine Street, Suite 1175
San Francisco, CA 94104
jib@paynefears.com
ln@paynefears.com

William N. Radford, Esq.
Aaron B. Michelsohn, Esq.
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
wradford@thompsoncoe.com
amichelsohn@thompsoncoe.com

/s/ Jonathon Farahi, Esq.
Jonathon Farahi (CA SBN 324316)