# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD EXHIBITIONS, LLC, ET AL, | § § § | |
| | § | CHAPTER 7 |
| DEBTORS. | § § § | |
| | § | |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § § § § § | |
| PLAINTIFFS, | § § | ADV. PROC. NO. 19-05053 |
| AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE | § § § § § § § § | |
| DEFENDANTS. | § | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

NOW COME Plaintiffs COLTON SCHMIDT and REGGIE NORTHRUP, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), who hereby submit this reply (the "Reply"), pursuant to L.R. 7007(c), in support of their Motion for Leave to File Third Amended Complaint ("Motion") (Dkt. No. 91). This Reply is based on the accompanying memorandum of points and authorities, the Motion, the proposed Third Amended Complaint ("TAC") (Dkt. No. 89), and the pleadings and papers on file in this adversary proceeding.

/ / /

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### I. RELEVANT PROCEDURAL HISTORY

1. Plaintiffs filed the complaint ("Complaint," Dkt. No. 1-1) in California Superior Court in San Francisco (the "Civil Action").[1] The Complaint named the Alliance of American Football ("AAF"), Charles "Charlie" Ebersol ("Ebersol"), AAF Players, LLC ("AAF Players"), Legendary Field Exhibitions, LLC ("LFE"), Thomas Dundon ("Dundon"), AAF Properties, LLC ("AAF Properties"), and Ebersol Sports Media Group, Inc. ("ESMG") (collectively, the "Defendants"). *See* TAC at ¶¶ 2(a) and (d)-(f).

2. On April 17, 2019 (the "Petition Date"), ESMG, Ebersol, AAF Players and LFE filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (San Antonio).

3. Following the Petition Date, as a result of Dundon's continued motion practice, this action was eventually transferred to this Court to be conducted as an adversary proceeding.

4. On September 23, 2019, Dundon filed his Motion to Dismiss for Failure to State a Claim for Relief in the Western District. [Dkt. Nos. 3 & 4]. On October 29, 2019, Plaintiffs filed their opposition and moved for leave to amend their pleading with a First Amended Complaint ("FAC"). [Dkt. Nos. 22, 23 & 24]. Also, on October 29, 2019, Ebersol filed his Motion to Dismiss for Failure to State a Claim for Relief in the Western District. [Dkt. No. 19].

5. On November 7, 2019, the Court granted Plaintiffs leave and denied Dundon's and Ebersol's original Motions to Dismiss as moot. [Dkt. Nos. 30 and 31]. On November 22, 2019, Dundon filed his Motion to Dismiss Plaintiffs' FAC for failure to state a claim. [Dkt. No. 38-40]. On November 25, 2019, Ebersol filed his Motion to Dismiss Plaintiff's FAC for failure to state a claim. [Dkt. No. 46]. On December 6, 2019, Plaintiffs filed their oppositions to Dundon's and Ebersol's renewed Motions to Dismiss. [Dkt. Nos. 51 and 53].

---

[1] Pursuit to California Code of Civil Procedure 425.10, a complaint sets forth "a statement of facts constituting the cause of action, in ordinary and concise language."

6. On January 13, 2020, the Court conducted a hearing on Dundon's and Ebersol's renewed Motions to Dismiss. Following the hearing, the Court granted Dundon's motion with prejudice and without leave to amend as to Count VIII (Inducing Breach of Contract). The Court also granted Dundon's motion without prejudice, but granted Plaintiffs leave to amend within fourteen (14) calendar days from the date of the entry of the order on Dundon's motion as to Counts III (Promissory Estoppel); VI (Fraud); and VII (Promissory Fraud). [Dkt. No. 81]. The Court granted Ebersol's motion with prejudice and without leave to amend as to Count IV (Violation of Cal. Labor Code § 201, et seq.) and denied his motion as to Counts III (Promissory Estoppel); VI (Fraud); and VII (Promissory Fraud). Ebersol was further ordered to file an answer to Plaintiffs' Second Amended Complaint ("SAC") within fourteen (14) calendar days of Plaintiffs filing the SAC. [Dkt. No. 82].

7. On February 24, 2020, Plaintiffs filed their SAC, consistent with this Court's orders [Dkt. Nos. 81 and 82]. While Plaintiffs believed they arguably had leave to include claims brought forward in the TAC, out of an abundance of caution, Plaintiffs filed the TAC and the Motion because Plaintiffs' TAC proposes two additional counts – (1) Violation of Cal. Labor Code § 970 against Defendant Dundon; and (2) Negligent Misrepresentation against Defendant Dundon and Defendant Ebersol. TAC at ¶¶ 190-218.

8. On March 11, 2020, Dundon and Ebersol each filed oppositions to the Motion. Ebersol's opposition (Dkt. No. 99) and Dundon's opposition (Dkt. 100) both argue that (i) Plaintiffs have inexplicably delayed in bringing their additional Cal. Labor Code § 970 and negligent misrepresentation claims; (ii) Defendants will be prejudiced should Plaintiffs' Motion be granted; and (iii) the amendments Plaintiffs propose in their TAC are futile.

## II. STANDARD OF REVIEW

9. The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2), incorporated into this proceeding by Bankruptcy Rule of Procedure 7015. "The court should freely give leave when justice so requires." FED. R. CIV. P.

15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).

10. "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, there is no "magic number" of appropriate amendments in any given matter.

11. The Fifth Circuit has held that "granting leave to amend is especially appropriate" in the context of motions to dismiss at the pleading stage, and permission to amend in that context "should be denied only if it appears to a certainty that plaintiff cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced." *Texas Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 421 (5th Cir. 2013) (quoting *Hildebrand v. Honeywell, Inc*.) 512 F.2d 179,182 (5th Cir. 1980).

### III.  ARGUMENT

  A. *Plaintiffs TAC meets all the elements to state a viable claim under California law for negligent misrepresentation.*

12. To state a valid negligent misrepresentation claim under California law, a Plaintiff must allege: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) reasonable reliance on the misrepresentation, and (5) resulting damage. *Swafford v. International Business Machines Corporation*, 383 F.Supp.3d 916, 931.

/ / /

/ / /

13. Plaintiffs' TAC meets all the elements to state a viable claim under California law for negligent misrepresentation. Plaintiffs allege that Dundon represented to Plaintiffs that his "money **was** in the bank" and that he "**secured** the long-term health of the league." TAC at ¶ 206. Dundon's claims were not true. TAC at ¶ 207. Dundon had no reasonable grounds for believing the representation was true when he made it. TAC at ¶ 208. Dundon intended that Plaintiffs rely on this representation and Plaintiffs did in fact reasonably rely on Dundon's representations. TAC at ¶ 209, 210. Because of Dundon's representations, Plaintiffs were harmed and Plaintiffs' reliance on Dundon's representation substantially caused their harm. TAC at ¶¶ 210-212.

14. Defendant Dundon argues his statements were mere "opinions or predictions that are not actionable as a negligent misrepresentation claim as a matter of law." [Dkt. No. 100 at Page 8]. However, a deeper dive into the Defendant Dundon's statements contained within the TAC show that Dundon's statements were misrepresentations of past or existing material facts, specifically:

    a. "The AAF didn't have a permanent solution like I **provided**. That's enough money to run this league for a long time, we're good for many years to come with what I just did." *See* TAC at ¶71.

    b. "There's a difference between commitment and funding. They had the commitments to last a long time, but maybe not the money in the bank. **My money is in my bank**. I'm sure of it." *See* TAC at ¶71.

15. These statements are not regarding some event in the future like Dundon argues. Dundon did not state that he will provide a permanent solution for the AAF sometime in the future. Nor does he say that he will put his money in the bank at some time in the future.

16. The statements alleged are clear concerning the past and the present, Dundon states "**I provided**" and "**my money is in my bank.**" To believe Dundon's explanation that his statement that the AAF didn't have a permanent solution like he **provided** would be afront to grammar teachers everywhere as it is clear that the past tense of a regular verb, like "provide", is "provided."

/ / /

/ / /

17. Next, Dundon argues Plaintiffs do not allege Dundon never intended for his investment in the league to materialize. [Dkt. No. 100 at Page 8]. However, the basis for a negligent misrepresentation claim is that "elements of a cause of action for negligent misrepresentation are akin to those for fraud, but without the "scienter or an intent to defraud." *Tenet Healthsystem Desert, Inc. v. Blue Cross of California,* 199 Cal. Rptr. 3d 901, 921 (Ct. App. 2016).

18. When a party possesses or holds itself out as possessing superior knowledge or special information or expertise regarding the subject matter and a plaintiff is so situated that it may reasonably rely on such supposed knowledge, information, or expertise, the defendant's representation may be treated as one of material fact sufficient to give rise to negligent misrepresentation liability. *California Public Employees' Retirement System v. Moody's Investors Service, Inc.,* 226 Cal. App. 4th 643, 172 Cal. Rptr. 3d 238 (1st Dist. 2014). Plaintiffs allege just that in the TAC—Dundon held himself out as having superior knowledge and special information that Plaintiffs reasonably relied on Dundon's statements in light of the league's financial crisis. *See* TAC at ¶78.

19. Dundon incorrectly asserts "there is no allegation that Dundon did not have his money in his bank." [Dkt. No. 100 at Page 9]. Through the TAC, Plaintiffs allege Dundon made knowingly false promises, including a specific allegation that "Dundon's claims that this "money was in the bank" and that "secured the long-term health of the league" were false. *See* TAC at ¶207; *see also* TAC at 151, 175, 167, 202.

Dundon spends much of his argument addressing whether Plaintiffs will ultimately prevail on the merits, but that's not the standard *Stripling* sets at this stage of litigation. Rather, the standard is whether Plaintiffs are entitled to offer evidence in support of their claims. *Scheuer v. Rhodes,* 416 U.S. 232 (1974). Dundon seeks to short circuit this process to prevent Plaintiffs' claims from proceeding to discovery. Because Plaintiffs have properly set forth a claim for negligent misrepresentation under California law, Plaintiffs should be granted leave to freely amend.

/ / /

/ / /

B. *Defendant Dundon will not be unduly prejudiced by the TAC; the effect of a denial of leave to amend on Plaintiffs, on the other hand, would be severe, denying Plaintiffs' pursuit of viable theories of recovery against Dundon.*

20. "[L]eave to amend 'shall be freely given when justice so requires,'" which "mandate is to be heeded," so ordinarily "a plaintiff ... ought to be afforded an opportunity to test his claims on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

21. "Delay alone is an insufficient basis for denial to leave amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux, v. Lousiana Health Serv. Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). Courts in this district have decided "delay alone cannot justify" a decision to deny leave to amend. *Dissouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594,599 (5th Cir. 1981) As the declaration of Plaintiff's counsel states under the penalty of perjury, the proposed amendments are not a product of bad faith nor are they a product of a dilatory motive.

22. Defendant Dundon does not state why or how he would be prejudiced by the court granting leave to amend other than stating that conclusory that he would be prejudiced by the court doing so. [2]

23. Defendant Dundon has shown no persuasive reason why the amendment should be denied. Defendant Dundon will suffer no prejudice if Plaintiff's motion to amend is granted. Defendant Dundon admits that he has been on notice of the underlying facts for at least 11 months. [Dkt. 100 at ¶ 10]. Therefore, the effect of a denial of leave to amend on Plaintiffs, on the other hand, would be severe, because they could not pursue viable theories of recovery against Defendant.

24. Both the Federal Rules and case law demonstrate that leave to amend should be freely given, and Defendant Dundon has not stated a single persuasive reason as to why Plaintiffs' request should be denied.

/ / /

---

[2] Again, Dundon makes a misrepresentation that the "court made clear during the motion to dismiss hearing, the SAC was Plaintiffs' third and last attempt to re-plead." Nowhere in the transcript of that hearing did this Court make that determination at that hearing.

## IV. CONCLUSION

For all these reasons, Plaintiffs' respectfully request the Court grant them leave to file a Third Amended Complaint.

Dated: March 18, 2020

Respectfully submitted,

*/s/ Jonathon Farahi, Esq.*

**Boris Treyzon** (CA SBN 18893)
**Jonathon Farahi** (CA SBN 324316)

**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424) 288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

-and-

**Katharine Battaia Clark**
Texas State Bar No. 24046712

**Thompson Coburn LLP**
1919 McKinney Avenue, Suite100
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
KClark@ThompsonCoburn.com

**COUNSEL FOR PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of March, 2020, a true and correct copy of the foregoing pleading has been served electronically via the Court's ECF filing system on those parties who receive notice from that system, with a courtesy copy by email to the below service list.

AFF Players, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

AAF Properties, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Ebersol Sports Media Group, Inc.
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Legendary Field Exhibitions, LLC
c/o Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

Brian S. Engel, Esq.
Barrett Daffin Frappier Turner & Engel
3809 Juniper Trace, Suite 205
Austin, TX 78738
brianen@bdfgroup.com

Jeffrey S. Lowenstein, Esq.
Alana K. Ackels, Esq.
Brent D. Hockaday, Esq.
Brent A. Turman, Esq.
Bell Nunnally & Martin
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
jlowenstein@bellnunnally.com
aackels@bellnunnally.com
bhockaday@bellnunnally.com
bturman@bellnunnally.com

Jason I. Bluver, Esq.
Leila S. Narvid, Esq.
Payne & Fears LLP
235 Pine Street, Suite 1175
San Francisco, CA 94104
jib@paynefears.com
ln@paynefears.com

William N. Radford, Esq.
Aaron B. Michelsohn, Esq.
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
wradford@thompsoncoe.com
amichelsohn@thompsoncoe.com

*/s/ Jonathon Farahi, Esq.*
Jonathon Farahi (CA SBN 324316)

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – Page 9**