UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § § § § § § § | | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD EXHIBITION, LLC, ET AL, | | |
| | | CHAPTER 7 |
| DEBTORS | | |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, § § § § § § § § § § § § § § § § § § § § | | |
| PLAINTIFFS, | | ADV. PROC. NO. 19-05053 |
| AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE | | |
| DEFENDANTS | | |

**JOINT AGREED MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

NOW COMES Plaintiffs Colton Schmidt and Reggie Northrup, individually and on behalf of others similarly situated (collectively "Plaintiffs"); Defendants Thomas Dundon ("Dundon"); Charles "Charlie" Ebersol ("Ebersol"); and Chapter 7 Trustee Randolph N. Osherow ("Trustee"), who hereby submit this motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, for approval of the Agreed Protective Order attached as **Exhibit A** to this Motion. In support of this Motion, the Parties respectfully state as follows:

1. On April 10, 2019, Plaintiffs filed the complaint ("Complaint") in California Superior Court in San Francisco (the "Civil Action") against the Alliance of American Football ("AAF"), Ebersol, AAF Players, LLC ("AAF Players"), Legendary Field Exhibitions, LLC ("LFE"), Dundon, AAF

1

Properties, LLC ("AAF Properties"), and Ebersol Sports Media Group, Inc. ("ESMG") (collectively, "Defendants").[1]

2. On April 17, 2019 (the "Petition Date"), LFE; ESMG; AAF Players; and AAF Properties (collectively, "Debtors") filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (San Antonio) ("Bankruptcy Court"). The Debtors' bankruptcy estates are being jointly administered under Case No. 19-50900-cag under the supervision of the Trustee.

3. On September 23, 2019, the Civil Action was transferred to the Bankruptcy Court.[2]

4. On July 8, 2020, and after extensive briefing and adjudication of Ebersol's and Dundon's motions to dismiss, the Bankruptcy Court entered the Agreed Phase 1 Scheduling Order ("Scheduling Order") (Dkt. No. 135). The Scheduling Order sets forth the discovery and motion deadlines for class certification in this litigation.

5. The Trustee, in particular, has accumulated a large volume of documents that are relevant to Phase I issues in the course of his duties as Trustee. Much of this information, which includes contract documents, medical waivers, consents, payroll and other information, contains personally identifiable information (*e.g.*, social security numbers, medical doctor identifications, direct deposit information, and similar information).

6. The referenced information comprises tens of thousands of pages of individual .pdf records and documents and a smaller contingent of native files such as MS Excel spreadsheets. After beginning the process of attempting to individually redact all PII for all alleged class member documents, it became

---

[1] Plaintiffs' Second Amended Complaint (Dkt. No. 87) is now the operative complaint.

[2] On June 24, 2019, Dundon removed the Civil Action to the United States District Court for the Northern District of California ("California District Court"). On September 6, 2019, the California District Court transferred the Civil Action to the United States District Court for the Western District of Texas.

apparent to the Trustee that the individual redactions would cause substantial delay to already extended discovery deadlines and exhaust limited estate resources.

7. Some, but likely not all, of the referenced information would ultimately be marked as exhibits or used as evidence to be placed in the Court's files. After consultation, the Plaintiffs' counsel and the Trustee's counsel have concluded that it will be much more efficient to allow production pursuant to a protective order for discovery purposes primarily to be viewed by counsel. This will permit efficient redaction of personally identifiable information from documents only as they are ultimately used in an open setting at the time they are used.

8. In addition, the other parties anticipate using, disclosing, or producing information and documents containing confidential information.

9. Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure provide that:

> "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . limiting the scope of disclosure or discovery to certain matters [or] requiring that a deposition be sealed and opened only in court order [or] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

10. Given the highly sensitive nature of the information to be disclosed or produced, the Parties worked cooperatively to reach agreement on the terms of an Agreed Protective Order ("Protective Order"). The Protective Order provides for the confidential treatment of documents, deposition and trial testimony, and information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information that are likely to be disclosed or produced by the Parties in response to each other's discovery requests or through testimony during deposition or at trial.

11. Good cause exists to enter the Protective Order, as doing so will allow the Parties to

disclose information produce documents in connection with the aforementioned discovery requests, while limiting the risk of confidential and commercially sensitive business information being disclosed to third parties, and substantially alleviate the burden of redacting and safeguarding personally identifiable information.

12. The Parties request that the Protective Order be granted without the need for a hearing, in accordance with Federal Rule of Bankruptcy Procedure 9018.

**WHEREFORE**, the Parties respectfully request entry of the Protective Order, substantially in the form attached hereto as **Exhibit A**.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

*/s/ Brian S. Engel*
**Brian S. Engel (SBN 00789279)**
**Steve Turner (SBN 20341700)**

3809 Juniper Trace, Suite 205
Austin, TX 78738
Phone: (512) 687-2500
Fax: (512) 477-1112
brianen@bdfgroup.com

**ATTORNEYS FOR CHAPTER 7 TRUSTEE RANDOLPH N. OSHEROW**

**ABIR COHEN TREYZON SALO, LLP**

*/s/ Jonathan Farahi*
**Boris Treyzon** (CA SBN 18893)
**Jonathon Farahi** (CA SBN 324316)
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424) 288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

**THOMPSON COBURN LLP**

*/s/     Katharine Battaia Clark*
**Nicole L. Williams** (SBN 24041784)
**Katharine Battaia Clark** (SBN 24046712)
**John P. Atkins** (SBN 24097326)
1919 McKinney Avenue, Suite 100
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
nwilliams@thompsoncoburn.com
KClark@ThompsonCoburn.com
JAtkins@thompsoncoburn.com

**ATTORNEYS FOR PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

**BELL NUNNALLY & MARTIN**

*/s/     Brent D. Hockaday*
**Brent D. Hockaday** (SBN 24071295)
**Jeffrey S. Lowenstein** (SBN 24007574)
**Brent A. Turman** (SBN 24077506)
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Phone: (214) 740-1400
Fax: (214) 740-1499
*bhockaday@bellnunnally.com*
*jlowenstein@bellnunnally.com*
*bturman@bellnunnally.com*

**BRANSCOMB, PLLC**

*/s/     Patrick H. Autry*
**Patrick H. Autry** (SBN 01447600)
8023 Vantage, Suite 560
San Antonio, Texas 78230
Phone: (210) 598-5400
*pautry@branscomblaw.com*

**ATTORNEYS FOR DEFENDANT THOMAS DUNDON**

5


**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/      William N. Radford*
**William N. Radford (SBN 16455200)**
**Aaron B. Michelsohn (SBN 24085473)**

700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
Phone: (214) 871-8212
Fax: (214) 871-8209
*wradford@thompsoncoe.com*

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE**

*/s/      Michael J. Saltz*
**Michael J. Saltz (SBN 189751)**

1880 Century Park East, Suite 900
Los Angeles, CA 90067
Phone: (310) 446-9900
Fax: (310) 446-9909
*msaltz@jrsnd.com*

**ATTORNEYS FOR DEFENDANT CHARLES "CHARLIE" EBERSOL**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of November, 2020, the foregoing motion was served on the counsel identified below by email and via the Court's electronic ECF filing service:

**SERVICE LIST IN ADVERSARY PROCEEDING**

| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR THOMAS DUNDON** |
|---|---|
| Katharine Battaia Clark<br>Hedrick Kring, PLLC<br>1700 Pacific Ave., Ste. 4650<br>Dallas, TX 75201<br>(214) 880-9600<br>Fax : (214) 481-1844<br>Email: KClark@HedrickKring.com<br><br>Jonathon S. Farahi<br>Abir Cohen Treyzon Sala, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436<br>424-288-4367<br>Fax : 424-2288-4368<br>Email: JFarahi@actslaw.com<br><br>Boris Treyzon<br>Abir Cohen Treyzon Salo LLP<br>16001 Ventura Blvd.<br>Suite 200<br>Encino, CA 91436<br>424-288-4367<br>Fax : 424-288-4368<br>Email: btreyzon@actslaw.com | Jason I. Bluver<br>Payne & Fears LLP<br>235 Pine Street<br>Suite 1175<br>San Francisco, CA 94104<br>415-738-6850<br>Fax : 415-738-6855<br>Email: jib@paynefears.com<br><br>Brent D. Hockaday<br>Bell Nunnally Martin LLP<br>2323 Ross Avenue<br>Suite 1900<br>Dallas, TX 75201<br>214-740-1400<br>Email: bhockaday@bellnunnally.com<br><br>Patrick H. Autry<br>Branscomb PLLC<br>8023 Vantage, Suite 560<br>San Antonio, TX 78230<br>(210) 598-5400 (main number)<br>(210) 598-5405 (fax)<br>pautry@branscomblaw.com |
| **ATTORNEYS FOR CHARLES EBERSOL** | **ATTORNEYS FOR THOMAS DUNDON** |
| **Natalie F. Wilson**<br>Langley & Banack, Inc<br>745 E Mulberry, Suite 900<br>San Antonio, TX 78212<br>210-736-6600<br>Fax : 210-735-6889<br>Email: nwilson@langleybanack.com | Jeffrey Scott Lowenstein<br>Bell Nunnally & Martin<br>2323 Ross Avenue, Ste 1900<br>Dallas, TX 75201<br>223-740-1400<br>Fax : 214-740-1499<br>Email: jlowenstein@bellnunnally.com<br><br>Leila Narvid<br>Payne & Fears LLP<br>235 Pine Street |

|  | Suite 1175<br>San Francisco, CA 94104<br>415-738-6842<br>Fax : 415-738-6855<br>Email: ln@paynefears.com<br><br>Brent A. Turman<br>Bell Nunnally & Martin<br>2323 Ross Avenue, Ste 1900<br>Dallas, TX 75201<br>223-740-1400<br>Fax : 223-740-1499<br>Email: bturman@bellnunnally.com |
|---|---|

     *Brian S. Engel*
Brian S. Engel