UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 19-50900-cag |
| LEGENDARY FIELD EXHIBITIONS, LLC, et. al. | CHAPTER 7 |
| DEBTORS. | |
| COLTON SCHMIDT, et. al., | |
| PLAINTIFFS, | |
| v. | ADV. PROC. NO. 19-05053-cag |
| AAF PLAYERS, LLC, et. al., | JUDGE CRAIG A. GARGOTTA |
| DEFENDANTS. | |

**REPLY IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTION
FROM THIRD PARTY SUBPOENA TO
CAPITOL BROADCASTING COMPANY, INC.**

Defendant Thomas G. Dundon ("Dundon") files this Reply in Support of his Motion to Quash and Motion for Protection ("Motion") from a third party subpoena *duces tecum* (the "Subpoena") seeking document production from Capitol Broadcasting Company, Inc. ("Capitol"), issued by Plaintiffs Colton Schmidt and Reggie Northrup ("Plaintiffs").

I. **SUMMARY**

This Court has the authority and there is good cause to modify the Subpoena by protecting Capitol from responding to Request Nos. 1-5, 7-10, and 13-18 of the Subpoena. Plaintiffs failed to rebut the good cause Dundon demonstrated to protect against the production of documents that elicit discovery that exceed the limited scope of class certification issues exclusively. More significantly, four days after Dundon filed its motion, Capitol served its own objections that further

bolstered the need to protect against the overbroad, unduly burdensome, irrelevant, and disproportionate nature of Plaintiffs' inquiries.[1]

## II. ADDITIONAL FACTUAL BACKGROUND

1. On March 30, 2021, Capitol served its Objection to the Subpoena of Capitol (the "Objection"), a true and correct copy is attached as Exhibit B.[2]

## III. ARGUMENTS AND ANALYSIS

In their opposition to the Motion (the "Opposition"), Adv. ECF Nos. 156-158, Plaintiffs rely on two arguments essentially: (1) Dundon does not have standing because he has no privilege to the documents sought and the Court does not have jurisdiction to hear this motion because the location for compliance is in North Carolina, and (2) the requests generally are proportionate to their need for class certification discovery. These arguments fail and do not rebut the good cause for entering a protective order.

While Rule 45(d)(3)(A) directs motions to quash to the district where compliance is required, the court from where the party issuing the subpoena has jurisdiction to hear arguments and enter orders for protection against third party subpoenas issued pursuant to Rule 45. Here, Dundon also moved for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Courts in the Fifth Circuit recognize the issuing trial court's authority to order protection when the place for compliance for a subpoena is in another district, *see Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018), or if it did not assert a personal right or privilege, *see Field v. Anadarko Petroleum Corp.*, No. 4:20-CV000575, 2020

---

[1] Dundon's position is not to prejudice any additional arguments or objections Capitol raised or intends to raise regarding Request Nos. 6, 11, and 12 or any other Request.

[2] Dundon adds this exhibit to the Reply because Capitol served these after Dundon's filing of the Motion.

**REPLY IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTION
FROM THIRD PARTY SUBPOENA TO CAPITOL BROADCASTING COMPANY, INC.** Page 2

WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (finding Anadarko had standing to object to third party subpoenas because it relied not only on Rule 45, but also alternatively sought a protective order under Rule 26(c)).

In *Kilmon*, a defendant moved the Western District of Texas (the issuing court) for a protective order pursuant to Rule 26(c) to challenge a third-party subpoena that required compliance in South Carolina. 2018 WL 5800759, at *4. The party issuing the subpoena argued the challenging defendant did not have standing to quash under Rule 45 because the defendant filed its motion with the "issuing court" in Texas, not the "compliance court" in South Carolina. *Id.* at *3. The Western District, however, found the defendant had standing to ask the "issuing court" in Texas for a protective order to prevent third party from responding to the subpoena. *Id.* at *4. Indeed, "a party has standing to move for a protective order pursuant to Rule 26(c) . . . even if the party does not have standing pursuant to Rule 45(d) [and] [g]iven that [the party contesting the subpoena] does not challenge [ ] standing under Rule 26, its standing argument under Rule 45 is largely irrelevant." *Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017) (quotation omitted)). Accordingly, this Court has the authority and discretion to modify the Subpoena and to enter a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Turning to the substance of the Opposition, the justifications Plaintiffs assert for discovery into Request Nos. 1-5, 7-10, and 13-18 of the Subpoena center on their purported need for information that "relate[s] to" the AAF, Dundon's investment and radio interview, and its dissemination.[3] Requests pertaining to what Dundon said and where it was disseminated are not in

---

[3] Plaintiffs also focus on Dundon's response to Request for Admission No. 9, where Dundon denied the allegation and described them as a misstatement. Request No. 9 failed to present a straightforward request to admit facts. Instead, it

**REPLY IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTION
FROM THIRD PARTY SUBPOENA TO CAPITOL BROADCASTING COMPANY, INC.** Page 3

dispute for purposes of this Motion, however, because those are not topics or categories Dundon asks the court to protect against or exclude from class discovery. Dundon specifically carved out the Subpoena's Request No. 6, which asks for what Dundon said (recordings of the interview that forms the entire basis of Plaintiffs' claims against Dundon), and Nos. 11-12, which elicit documents reflecting the dissemination of the interview. So, if Plaintiffs' bases for needing the information sought by the Subpoena is to establish what Dundon said and who heard it, protecting against the production of documents responsive to Request Nos. 1-5, 7-10, and 13-18 will not impede that effort.

The *Field* decision is also instructive. Among other things, it recognized any party can seek a protective order under Rule 26(c) "if it believes its own interest is jeopardized by discovery sought from third person." *Field*, 2020 WL 4937122, at *2 (citing *Kilmon*, 2018 WL 5800759, at *4). Applying that principle, the *Field* Court restricted a class-wide discovery in a collective action proceeding under the Fair Labor Standards Act until the court granted conditional certification. *Id*. Similar to our position, the "more well-reasoned approach" would be to restrict merits discovery, where Request Nos. 1-5, 7-10, and 13-18 attempt to delve, if and until there has is class certification. *Compare id. with* Adv. ECF Nos. 138, 148, and 155 ("The relevant scope of oral and written discovery in Phase 1 is limited to class certification issues exclusively.").

Finally, from a practical standpoint, Capitol also made clear through the Objection that the information Plaintiffs seek and that is relevant to class certification issues (what Dundon said and who heard it) is available via the public domain and that it has no additional responsive documents. *See* Exh. B at pp. 3-4. Indeed, Capitol bolstered Dundon's positions when it objected to the

---

describes what Plaintiffs accuse Dundon of saying and Plaintiffs attached meaning. Among other things, Dundon's answer reflected a response from Plaintiffs' characterization of alleged statements. *Compare* Adv. ECF No. 157 at p. 2 *with* Adv. ECF 158-1 at p. 6.

**REPLY IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTION
FROM THIRD PARTY SUBPOENA TO CAPITOL BROADCASTING COMPANY, INC.**     **Page 4**

Subpoena, highlighting the overbroad and overreaching nature of the requests within the Subpoena, which are not proportionate to the needs of this case and, more specifically, this phase of the case. *See* Exh. B.

In sum, Plaintiffs desired discovery—what Dundon said and who heard it—and Dundon's position—protect against discovery outside of Request Nos. 6, 11, and 12 (subject to Capitol's additional objections) are not incompatible. The Subpoena's Request Nos. 6, 11, and 12 are the only inquiries that seek discoverable information for this phase of the case, which the parties agreed to on three separate occasions, *see* Adv. ECF Nos. 138, 148, and 155.

## **PRAYER**

Defendant Thomas G. Dundon respectfully requests the Court sustain Dundon's objections and grant the Motion, and enter a protective order prohibiting the production of documents responsive to Request Nos. 1-5, 7-10, and 13-18 of the subpoena *duces tecum* served to Capitol Broadcasting Company, Inc; and for such other and further relief, at law and in equity, to which he is entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:    */s/ Brent D. Hockaday*
        Jeffrey S. Lowenstein
        Texas Bar No. 24007574
        jlowenstein@bellnunnally.com
        Brent D. Hockaday
        Texas Bar No. 24071295
        bhockaday@bellnunnally.com
        2323 Ross Avenue, Suite 1900
        Dallas, Texas 75201
        214.740.1400 (Telephone)
        214.740.1499 (Facsimile)

And

**BRANSCOMB PLLC**

Patrick H. Autry
Texas Bar No. 01447600
pautry@branscomblaw.com
8023 Vantage, Suite 560
San Antonio, Texas 78230
210.598.5400 (Telephone)
210.598.5405 (Facsimile)

**ATTORNEYS FOR DEFENDANT THOMAS G. DUNDON**

# CERTIFICATE OF SERVICE

I certify on April 16, 2021, I served the foregoing document with the counsel of record by electronic means.

Jonathon S. Farahi
Boris Treyzon
Abir Cohen Treyzon Sala, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436
Email: JFarahi@actslaw.com
Email: btreyzon@actslaw.com

*Counsel for Plaintiffs*

Brian S. Engel
Barrett Daffin Frappier Turner & Engel
3809 Juniper Trace, Suite 205
Austin, TX 78738
Email: brianen@bdfgroup.com

*Counsel for Trustee Randolph N. Osherow*

William N. Radford
Aaron B. Michelsohn
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201
Email: wradford@thompsoncoe.com
Email: amichelsohn@thompsoncoe.com

*Counsel for Defendant Charles Ebersol*

Michael J. Saltz
Jacobson, Russell, Saltz, Nassim & de le Torre
1880 Century Park East, Suite 900
Los Angeles, CA 90067
Email: msaltz@jrsnd.com

*Counsel for Defendant Charles Ebersol*

    */s/ Brent D. Hockaday*
    Brent D. Hockaday