# EXHIBIT D

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD EXHIBITIONS, LLC, ET AL, | § § § § | CHAPTER 7 |
| DEBTORS. | § § § | |
| | | |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § § § § § § | |
| PLAINTIFFS, | § § | ADV. PRO. NO. 19-05053 |
| v. | § § | |
| AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE | § § § § § § § § | |
| DEFENDANTS. | § § | |

### DECLARATION OF BORIS TREYZON

I, BORIS TREYZON, hereby declare, pursuant to 28 U. S. C. § 1746, as follows under the pains and penalties of perjury:

1.  I am over the age of 18 and not a party to the action. I am an attorney at law, duly admitted and licensed to practice before all courts of the State of California and I am a partner at ABIR COHEN TREYZON SALO, LLP. I am one of the attorneys for Colton Schmidt and Reggie Northrup, Plaintiffs in this action. My knowledge of facts and circumstances described herein

DECLARATION OF BORIS TREYZON – Page 1

derives from personal knowledge and if called as a witness, I could and would competently testify thereto. I am well familiar with ABIR COHEN TREYZON SALO, LLP's imaging and record-keeping system and practices.

2. This declaration is submitted in support of Plaintiffs', Trustee's, and Ebersol's Joint Motion to (1) Preliminarily Approve the Settlement Agreement; (2) Grant Class Certification Pursuant to Settlement Agreement; (3) Appoint Class Counsel and Class Representative Pursuant to Settlement Agreement; (4) Approve the Form and Manner of Notice to Class Members; (5) Set a Deadline for Objections to the Settlement; and (6) Schedule a Hearing for the Final Consideration and Approval of the Settlement (the "Motion").

3. I received my Juris Doctor in 1997 from University of La Verne School of Law and am admitted to practice in State Courts of the State of California; the United States District Court for the Central District of California; the United States District Court for the Eastern District of California; the United States District Court for the Northern District of California; the United States District Court for the Southern District of California; and the United States Court of Appeals for the Ninth Circuit. I have been admitted pro hac vice to the United States Bankruptcy Court for the Western District of Texas in conjunction with my representation of Plaintiffs in this litigation.

4. I litigate cases on behalf of clients focusing on representing plaintiffs with a wide variety of business and contractual disputes. I have been practicing law since 1998, having represented hundreds of clients and recovered millions of dollars on their behalf. I have tried over 25 cases to a jury verdict during my (23) twenty-three year legal career. ***A true and correct copy of my CV is attached hereto.***

5. On April 10, 2019, Plaintiffs, acting on behalf of a putative class of former players of the Alliance of American Football ("AAF"), filed this action against various defendants in San Francisco County Superior Court seeking class certification. Plaintiffs' putative class action was subsequently transferred to this court as an adversary proceeding related to the pending bankruptcy cases consolidated at Case No. 19-50900-CAG-7 – *Schmidt, et al. v. AAF Players, LLC, et al.*, Adv. Proc. No. 19-05053. Plaintiffs' Second Amended Class Action Complaint ("SAC") is the

DECLARATION OF BORIS TREYZON – Page 2

operative complaint in this proceeding. Dkt. No. 87.

6. Plaintiffs have agreed to a settlement of the following claims from Plaintiffs' SAC, as reflected in the Class Action Settlement Agreement filed with the Motion as Exhibit A: Count I – Breach of Contract, against Defendant AAF Players, LLC; Count II – Breach of Implied Covenant of Good Faith and Fair Dealing, against Defendants AAF Players, LLC and DOES 1-200; Count III – Promissory Estoppel, against Defendants Legendary Field Exhibitions, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., Ebersol and DOES 1-200; Count IV – Violation of Cal. Business and Professions Code § 17200 et seq., against Defendant AAF Players, LLC and DOES 1-200; Count V – Fraud, against Defendants AAF Players, LLC, Legendary Field Exhibitions, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., Ebersol and DOES 1-200; and Count VI – Promissory Fraud, against Defendants AAF Players, LLC, Legendary Field Exhibitions, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., Ebersol and DOES 1-200. The parties have not settled and do not seek to assign or release any claims against Defendant Thomas Dundon, including but not limited to those asserted in Counts III, V, and VI.

7. As part of the settlement reflected in Exhibit A to the Motion, Plaintiff, the Trustee, Ebersol, and Plaintiffs have sought certification from the Court of a class of Plaintiffs (the "Settlement Class"), defined as "all players who signed a 'Standard Player Agreement' with AAF Players, LLC and who were on an active AAF team roster as of April 2, 2019, including players, if any, on injured reserve." The Settlement Class contains approximately 416 members. Specifically excluded from the Settlement Class are: (i) any person who filed a separate proof of claim in the Main Bankruptcy Case, except for the Class Proof of Claim, on or before August 15, 2019; (ii) any Class Member who timely opted-out of the Class; (iii) Defendants and officers and directors of Defendants, (iv) any entity in which any Defendant has a controlling interest; (v) the affiliates, legal representatives, attorneys, heirs, or assigns of any Defendant; (vi) any federal, state or local governmental entity; and (vii) any judge, justice, or judicial officers presiding over the Adversary and the members of their immediate families and judicial staff.

8. Plaintiffs Schmidt and Northrup are adequate representatives of the Settlement

Class in that they have the same interests as the Settlement Class. I have spoken and dealt with both Schmidt and Northrup on this matter, and they fully understand their roles as Lead Plaintiffs in this matter. They personally chose to take the time and effort to attempt to represent this class, in the hopes of securing a good result for all former AAF players. Their experience as players, particularly with respect to the Standard Player Agreements which are a key issue in the settlement, is essentially identical to every other player in the Settlement Class. Plaintiffs have no conflict of interest with any other members of the Settlement Class with respect to this litigation or this proposed settlement; they are aligned with, and not antagonistic to, the remainder of the Settlement Class.

9. Plaintiffs have been very involved in the litigation to date, providing assistance to counsel in preparing pleadings and discovery responses, providing documents and information to counsel, and sitting for their own out of town depositions. Plaintiffs are well suited to pursue this action vigorously in their role as active guardians for the Class and to do their best to ensure a favorable result for the Class. Plaintiffs here have demonstrated their willingness and ability to serve as class representatives when others were afraid to put their careers on the line. Plaintiffs also have no financial responsibility to fund the action, as Class Counsel has been retained on a contingency basis.

10. As demonstrated by the experience to which I have testified above, the representation to be afforded by Class Counsel (as defined in the Motion), of which I and others at my firm Abir Cohen Treyzon Salo, LLP, are a part, is more than sufficiently competent to represent the Settlement Class and has a will to advocate zealously in the best interest of the Settlement Class.

11. The settlement negotiated between Plaintiffs, the Trustee (acting for the Debtors), and Ebersol was done in good faith and at arm's-length.

12. In my opinion, this settlement is fair, reasonable, and adequate, and is in the best interests of each and every Settlement Class member. Among other things, the Settlement Agreement will permit the parties to avoid the costly, time consuming, and risky process of

litigation the merits of the claims in the Class Adversary or the Class Claim, providing some relief to the Settlement Class Members through allowed claims of the bankruptcy estate, rather than depleting the funds of the bankruptcy estate through litigation costs.

13. Over past few months we have held virtual townhall meetings open to all Settlement Class Members. These meeting took place at various times to accommodate various time zones. Without revealing privileged communications, we have answered a variety of questions posed by participants. I am aware of many members of the Class that support the pursuit of the Class Adversary, the Class Claim, and the Settlement Agreement. Nearly 100 putative class members have retained Class Counsel individually for their claims arising from the AAF.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing statements are of my own personal knowledge and are true and correct.

Executed on this _____24_____ day of August, 2021, at Los Angeles, California.

By:_____
BORIS TREYZON

DECLARATION OF BORIS TREYZON – Page 5

# Boris Treyzon, Esq.
Partner at Abir Cohen Treyzon Salo, LLP

## Experience

Boris is a founding partner of Abir Cohen Treyzon Salo, LLP, where he represents individuals and businesses in complex litigation matters, catastrophic personal injury, judgment enforcement, asset recovery and insurance bad faith.

Mr. Treyzon has litigated a considerable number of matters to multi-million-dollar verdicts and reached many large settlements. He has successfully navigated and resolved multi-million-dollar business and contractual disputes.

Mr. Treyzon has handled over 50 large-scale judgment enforcement actions, including those involving A-list celebrities, real estate assets, and global investment institutions. He has exposed and recovered assets located across state and national borders and has conducted hundreds of debtor examinations across various regions. His expertise includes lien implementation and recovery of assets, including real estate, jewelry, intellectual property, business interests, and other high value holdings. His team prides itself on relentless pursuit of information to resolve disputes, no matter how small or trivial that information may initially appear.

Prior to helping found Abir Cohen Treyzon Salo, LLP, he was a founding partner of Treyzon & Associates.

## Verdicts & Settlements

$9.8 million verdict against City for roadway design defect and failure to upkeep roads.

$5.8 million note enforcement regarding real estate collateral.

$1.5 million settlement with a well-known music artist for breach of contract.

1.76 million verdict and judgment enforcement regarding an overt Ponzi-scheme and elder abuse.

$1.1 million judgment and enforcement regarding breach of contract for national security sensitive contract.

$1 million judgment enforcement for fraudulent transfer of assets.

## Education

Mr. Treyzon received his Juris Doctor in 1997 from University of La Verne School of Law and is admitted to practice in State Courts of the State of California, as well as U.S. District Courts. Boris Treyzon has over 20 years of experience working as an attorney.

## Practice Areas

- Complex civil litigation
- Catastrophic personal injury
- Insurance Bad Faith
- Business Litigation
- Judgment Enforcement

## Professional Memberships

- Consumer Attorneys of Los Angeles (CAALA)- Member
- Consumer Attorneys of California (CAOC)- Member
- American Association for Justice (AAJ)- Member
- Public Justice- Member
- Consumer Attorneys Association of Los Angeles (CAALA)- Member

## Contact

16001 Ventura Blvd., Suite 200
Encino, CA 91436
(310) 407-7888

https://actslaw.com/our-attorneys/boris-treyzon/