# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD EXHIBITIONS, LLC, ET AL, | § § § § | CHAPTER 7 |
| DEBTORS. | § § § § | |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § § § § § § | |
| PLAINTIFFS, | § | ADV. PRO. NO. 19-05053 |
| v. | § § | |
| AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE | § § § § § § § § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO (1) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT; (2) GRANT CLASS CERTIFICATION PURSUANT TO SETTLEMENT AGREEMENT; (3) APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES PURSUANT TO SETTLEMENT AGREEMENT; (4) APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS; (5) SET A DEADLINE FOR OBJECTIONS TO THE SETTLEMENT; AND (6) SCHEDULE A HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT**

Defendant Thomas Dundon[1] ignores the legal standard associated with a class settlement in his brief in response to Plaintiffs'[2], Trustee's,[3] and Ebersol's[4] Joint Motion to Preliminarily Approve the Settlement Agreement, Grant Class Certification Pursuant to Settlement Agreement; Appoint Class Counsel and Class Representatives Pursuant to Settlement Agreement, Approve the Form and Manner of Notice to Class Members, Set a Deadline for Objections to the Settlement, and Schedule a Hearing for the Final Consideration and Approval of the Settlement (the "Joint Motion," ECF No. 175). The Joint Motion is made pursuant to Federal Rule of Civil Procedure 23, requesting certification of a class for settlement purposes and approval of a class settlement, but Dundon replies exclusively with arguments related to settlement approvals under Rule of Bankruptcy Procedure 9019. Those arguments are only relevant to a separate application, which will be considered at a separate hearing in a different proceeding. In *this* proceeding, and as to the Joint Motion, Dundon (1) does not have standing to object to the certification of a class settlement to which he is not a party, and (2) offers no arguments relevant to the applicable standard.

## I. ARGUMENT

**A.    Dundon lacks standing to object to the settlement under Rule 23.**

Non-settling defendants, like Dundon, generally do not have standing to object to preliminary approval of a class action settlement agreement. *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979). Indeed, the Fifth Circuit has adopted the approach of other circuits that:

---

[1] Defendant Dundon's response is also filed on behalf of Dallas Capital Partners, an entity that is not a Defendant—or indeed a party at all—to this adversary matter.
[2] Colton Schmidt and Reggie Northrup, individually and on behalf of others similarly situated.
[3] Randal Osherow, as the duly-appointed Chapter 7 Trustee of AAF Players, LLC, Legendary Field Exhibitions, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., LFE 2, LLC, and We Are Realtime, LLC
[4] Charles "Charlie" Ebersol.

> …we do not believe that a court should inquire into the propriety of a partial settlement merely upon a showing of factual injury to a non-settling party. Some disadvantage to the remaining defendants is bound to occur and may, in fact, be the motivation behind the settlement. But just as a court has no justification for interfering in the plaintiff's initial choice of the parties it will sue (absent considerations of necessary parties), the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice.

*Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164–65 (5th Cir. 1985) (extensively quoting *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)). The "plain legal prejudice" exception is narrow—essentially it requires a showing that some procedural or substantive right of Dundon's would be permanently defeated if the settlement was permitted. *Bass*, 749 F.2d at 1165. Dundon has (1) not identified the proper legal standard for measuring this prejudice, and (2) has not identified such a right. Indeed, the only prejudice referred to in Dundon's Response is the potential dilution of his rights as a creditor in the bankruptcy proceeding, which he may properly raise in response to Trustee's 9019 Motion, but which has nothing to do with his role in this adversary proceeding, which is as a non-settling Defendant in a class action.

**B.     Dundon is not applying the correct legal standard for addressing the Joint Motion, so his arguments are irrelevant to what this Court must consider.**

In deciding whether a proposed class action settlement is fair, reasonable, and adequate, Rule 23(e)(2) governs the approval of class settlements, and it requires that the Court consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i)     the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Dundon does not refer to this standard or address any of its parts directly. Indeed, Dundon references Rule 23 only once in his entire brief—at the end, when he is discussing how the class settlement, even if approved, would not determine whether a class is certified as to claims against him, a fact which neither the Joint Motion nor anything else filed by any of the Settling Parties disputes.

  Even if Dundon somehow had standing to object to the class settlement under Rule 23 (he does not), he fails to address any of the factors relevant to whether or not the settlement should be approved. Dundon does <u>not</u> argue that: (1) the proposal was not negotiated at arm's length, (2) that the relief *provided for the class* is not adequate, given the exigencies of trial, (3) that the proposed methods of distributing relief or processing class-member claims are inadequate for the class, (4) that the terms of the attorney fee award are unfair or inadequate for the class, or (5) that the proposal is inequitable with respect to class members.

  Dundon instead argues that the Trustee should not settle because (in Dundon's view) the Trustee's defensive arguments are strong. But even if that was true—Plaintiffs do not believe it is, and Trustee's decision to settle is in part a reflection of his view that the Estate's defenses have weakened after Phase 1 discovery—a settlement providing recovery to class members in the face of meritorious defensive arguments weighs *in favor* of adequacy under Rule 23(e)(2), not against it. *See Izzio v. Century Golf Partners Mgmt., L.P.*, 3:14-CV-03194-M, 2019 WL 10589568, at *7

(N.D. Tex. Feb. 13, 2019), aff'd, 787 F. App'x 242 (5th Cir. 2019) (noting that a finding that class plaintiffs would have "significant difficulty" with some of their claims supported class settlement).

C.  **To the extent that fairness to the Settling Defendants is considered, the Court should defer to the Trustee's business judgment.**

It is undisputed—indeed, Dundon in his response does not dispute—that every player in the class signed the same SPA, with the same base compensation provisions, with the same termination provisions (which did not include the league running out of money as a termination basis). Each and every element of breach of contract is made out for each and every player simply by examining the facts as they apply to a *single* player. If this claim is not suitable for class treatment, and class settlement, then there are few that are. Indeed, Dundon has to *ignore* contract language to make his arguments regarding when wages were earned, since nothing in the SPAs *ties* any payments under the contract to the playing of games. Plaintiffs are persuaded that their claims have a strong likelihood of success; however, they understand the exigencies of litigation as well as the Trustee does. But of the parties to this case, only the Trustee can claim any level of impartiality.

It is well-established that the Chapter 7 Trustee must act for the benefit of *all* unsecured creditors, and the Court generally should afford some deference to the business judgment of the Trustee unless a creditor can allege the Trustee has not made a considered judgment. *In re Adilace Holdings, Inc.*, 548 B.R. 458, 462 (Bankr. W.D. Tex. 2016). This rule applies to applications to settle under Rule 9019. *See In re Bainbridge Uinta, LLC*, 20-42794, 2021 WL 2692265, at *11 (Bankr. N.D. Tex. June 28, 2021) (noting exercise of reasonable business judgment in settlement); *In re Moorhead Corp.*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997), aff'd, 201 F.3d 428 (1st Cir. 1998) (noting, in considering compromise under Rule 9019, that "judge…is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference").

Here, Dundon argues that this settlement should be denied because it adversely impacts him as a third party creditor and because the Trustee has "a strong probability of ultimate success on claims related to payments under the contract." Indeed, Dundon's arguments parrot many of the arguments the Trustee previously made, prior to Phase 1 discovery, in an objection to the present class claim that was ultimately consolidated with this case. *See* Case No. 19-50900, Amended Trustee's Objection to Claim No. 214-2 of Colton Schmidt and Reggie Northrup with Notice Thereof and Accompanying Brief, Dkt. 270 (filed April 16, 2020).

The Trustee himself, however, as demonstrated by this proposed settlement, has expressed uncertainty regarding the probability of success in defending this litigation on the Plaintiffs' claims, and he also has expressed concern over the duration and expense of such litigation. Counsel for the Trustee has testified that the cost of defending this class matter for the Estate would be "prodigious." *See* Joint Motion, Dkt. 175, Ex. F. The Trustee has argued in his 9019 Application that discovery revealed several things that changed his original analysis, including common issues with respect to the contracts, the fact that only eight of ten first-year installments were paid to players, and the existence of serious factual disputes that would make litigation expensive, with an uncertain outcome. *See* Case No. 19-50900, Dkt. 424, Trustee's App. to Comp. & Settle Pursuant to Fed. R. Bankr. P. 9019, ¶¶ 5-6, 33-34, 36, 41, 62. The Court should recognize the Trustee's concerns and defer to the business judgment of the Trustee in this matter regarding its fairness to the Settling Defendants, to the extent that is taken into consider in the Rule 23 analysis.

**D.  Including Ebersol in the settlement is not improper.**

Finally, Dundon raises the argument that Ebersol should not be included in the settlement. Leaving aside that Ebersol is sued individually, but was also an officer of the AAF, thereby creating the possibility that the Estate would be liable for any allegedly wrongful conduct of his in

- 6 -

any case (in the event the corporate veil was not pierced), Ebersol is not *released* by the proposed settlement agreement. The Plaintiffs' claims against him will be assigned to the Estate, as will claims against the Estate itself, along with the right to recover for certain damages against Dundon. *See* Joint Motion, Dkt. 175, p. 12, and Ex. A pp. 16-17. Plaintiffs cannot speak for Ebersol, but as a former officer of the AAF, Ebersol may believe that the settlement benefits him because the Trustee, given his control over the defunct AAF, has information that would tend to show that Ebersol only ever acted in the best interests of the AAF. Whatever the case, these assignments provide additional compensation to the Estate, beyond the mere termination of their dispute with Plaintiffs, which Dundon completely ignores in his analysis. Dundon's fear that he will be the sole remaining Defendant in this adversary matter blinds him to other benefits that this settlement confers on the Estate: additional claims, and unchallenged standing with respect thereto.

\*        \*        \*

The Trustee likely will have responses to the specific merits challenges Dundon raises to the fairness of this settlement for the Estate (and creditors) in his response to Dundon's identical briefing regarding the 9019 Application in the central bankruptcy matter, but it is important to remember that the Trustee's perspective considers *all* creditors (including Plaintiffs), not just Dundon; the fact that this settlement is bad for Dundon does not make it bad for the Estate.

## II.    CONCLUSION

Nothing in Dundon's response opposing the Joint Motion should impact this Court's analysis of preliminary approval of the proposed class settlement. Dundon lacks standing to object under Rule 23, the arguments he makes are irrelevant to the applicable standard under Rule 23, and it appears he is conceding that this class settlement is fair, adequate, and reasonable to the class of Plaintiffs under Rule 23(e)(2). Preliminary approval should issue.

Dated: September 11, 2021

Respectfully submitted,

**PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

| */s/ Jonathon Farahi, Esq.* | */s/ Nicole L. Williams, Esq.* |
|---|---|
| **Boris Treyzon** (CA SBN 18893) | **Nicole L. Williams** (SBN 24041784) |
| **Jonathon Farahi** (CA SBN 324316) | **Katharine Battaia Clark** (SBN 24046712) |
| | |
| **Abir Cohen Treyzon Salo, LLP** | **Thompson Coburn LLP** |
| 16001 Ventura Boulevard, Suite 200 | 2100 Ross Avenue, Suite 3200 |
| Encino, California 91436 | Dallas, Texas 75201 |
| Phone: (424) 288-4367 | Phone: (972) 629-7100 |
| Fax: (424) 288-4368 | Fax: (972) 629-7171 |
| btreyzon@actslaw.com | nwilliams@thompsoncoburn.com |
| jfarahi@actslaw.com | kclark@ThompsonCoburn.com |
| | jatkins@thompsoncoburn.com |

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 11, 2021, a true and correct copy of the foregoing pleading has been served via electronic mail to the below service list.

| | |
|---|---|
| Randolph N. Osherow, Esq.<br>342 W. Woodlawn Avenue, Suite 100<br>San Antonio, TX 78212<br>*rosherow@hotmail.com* | Brian S. Engel, Esq.<br>Barrett Daffin Frappier Turner & Engel<br>3809 Juniper Trace, Suite 205<br>Austin, TX 78738<br>*brianen@bdfgroup.com* |
| Brent D. Hockaday, Esq.<br>Jeffrey S. Lowenstein, Esq.<br>Brent A. Turman, Esq.<br>Bell Nunnally & Martin<br>2323 Ross Avenue, Suite 1900<br>Dallas, TX 75201<br>*bhockaday@bellnunnally.com*<br>*jlowenstein@bellnunnally.com*<br>*bturman@bellnunnally.com* | Patrick H. Autry, Esq.<br>Branscomb, PLLC<br>8023 Vantage, Suite 560<br>San Antonio, Texas 78230<br>*pautry@branscomblaw.com* |
| William N. Radford, Esq.<br>Thompson, Coe, Cousins & Irons, LLP<br>700 N. Pearl Street, 25th Floor<br>Dallas, TX 75201-2832<br>*wradford@thompsoncoe.com* | Michael J. Saltz, Esq.<br>Jacobson, Russell, Saltz, Nassim & de la To<br>1880 Century Park East, Suite 900<br>Los Angeles, CA 90067<br>*msaltz@jrsnd.com* |

                */s/ Nicole L. Williams*
                Nicole L. Williams