**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 03, 2021.**



_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD § | | |
| EXHIBITIONS, LLC, ET AL, § | | |
|  § | | CHAPTER 7 |
| DEBTORS. § | | |
|  § | | |
|  § | | |
| COLTON SCHMIDT AND REGGIE § | | |
| NORTHRUP, INDIVIDUALLY AND ON § | | |
| BEHALF OF OTHERS SIMILARLY § | | |
| SITUATED; § | | |
|  § | | |
| PLAINTIFFS, § | | ADV. PRO. NO. 19-05053 |
| v. § | | |
|  § | | |
| AAF PLAYERS, LLC, THOMAS DUNDON, § | | |
| CHARLES EBERSOL, LEGENDARY § | | |
| FIELD EXHIBITIONS, LLC, AAF § | | |
| PROPERTIES, LLC, EBERSOL SPORTS § | | |
| MEDIA GROUP, INC. AND § | | |
| DOES 1 THROUGH 200, INCLUSIVE § | | |
|  § | | |
| DEFENDANTS. § | | |

**ORDER (1) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT; (2) GRANTING CLASS CERTIFICATION PURSUANT TO SETTLEMENT AGREEMENT; (3) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES PURSUANT TO SETTLEMENT AGREEMENT; (4) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS; (5)**

**SETTING A DEADLINE FOR OBJECTIONS TO THE SETTLEMENT; AND (6) SCHEDULING A HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT**
[Relates to Dkt. 175]

On this date, the Court considered the *Joint Motion to (1) Preliminarily Approve the Settlement Agreement; (2) Grant Class Certification Pursuant to the Settlement Agreement; (3) Appoint Class Counsel and Class Representatives Pursuant to the Settlement Agreement; (4) Approve the Form and Manner of Notice to Class Members; (5) Set a Deadline for Objections to the Settlement; and (6) Schedule a Hearing for the Final Consideration and Approval of the Settlement [Dkt. 175]* (the "Motion"). The Motion was filed jointly by Colton Schmidt and Reggie Northrup (collectively, "Lead Plaintiffs") on behalf of themselves and all similarly-situated persons, Randolph N. Osherow (the "Trustee"), as Chapter 7 trustee for Legendary Field Exhibitions, LLC, Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, LFE 2, LLC and We Are Realtime, LLC (collectively, "Debtors"), and Defendant Charles "Charlie" Ebersol ("Ebersol") (Lead Plaintiffs, Trustee, Debtors, and Ebersol are collectively the "Parties"). The Court, having considered the Motion, the *Class Action Settlement Agreement* attached to the Motion as Exhibit A (the "Settlement Agreement"), the proposed *Notice of Class Action Settlement* attached to the Motion as Exhibit B (the "Class Notice"), other evidence in support of the Motion, and the relevant authorities, finds that the Motion should GRANTED for the reasons explained below:

1. All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Settlement Agreement.

2. The Court first evaluates the proposed settlement class. The Parties have stipulated to the certification of the following class for the purposes of settlement (the "Settlement Class"):

> All players who signed a "Standard Player Agreement" with AAF Players, LLC and who were on an active AAF team roster as of April 2, 2019, including players,

if any, on injured reserve. Excluded from the Class are: (i) any person who filed a proof of claim in the Main Bankruptcy Case, except for the Class Proof of Claim, on or before August 15, 2019; (ii) any Class Member who timely opted-out of the Class; (iii) Defendants and officers and directors of Defendants, (iv) any entity in which any Defendant has a controlling interest; (v) the affiliates, legal representatives, attorneys, heirs, or assigns of any Defendant; (vi) any federal, state or local governmental entity; and (vii) any judge, justice, or judicial officers presiding over the Adversary and the members of their immediate families and judicial staff.

3. <u>Rule 23(a) Findings</u>. The Court FINDS, for purposes of settlement only, that the Settlement Class meets the requirements for certification under Rule 23(a) of the Federal Rules of Civil Procedure: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of members of the Settlement Class; and (d) the Lead Plaintiffs and Class Counsel (as defined herein) have and will fairly and adequately represent the interests of the Settlement Class.

4. <u>Rule 23(b)(3) Findings</u>. Having found that the four prerequisites of Rule 23(a) are sufficiently satisfied to preliminarily certify the Settlement Class, the Court turns to the requirements of Rule 23(b). The Court FINDS, for purposes of settlement only, that certification of the Settlement Class is appropriate under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

5. <u>Conditional Certification of the Settlement Class</u>. Based on the foregoing, the Court preliminarily FINDS that certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) is appropriate. The Court therefore ORDERS that the Settlement Class be conditionally certified, pending a final approval hearing.

6.    Class Representatives. The Court hereby preliminarily FINDS that the Lead Plaintiffs will adequately represent the interests of the Settlement Class and, for purposes of settlement only, hereby appoints the Lead Plaintiffs to serve as the class representatives of the Settlement Class (the "Class Representatives").

7.    Class Counsel. The Court hereby preliminarily FINDS that Boris Treyzon and Jonathan Farahi of Abir Cohen Treyzon Salo LLP and Nicole L. Williams, Katharine Clark, and John Atkins of Thompson Coburn LLP meet the requirements of Rule 23(g) of the Federal Rules of Civil Procedure and hereby appoints, for purposes of settlement only, Boris Treyzon and Jonathan Farahi of Abir Cohen Treyzon Salo, LLP and Nicole L. Williams, Katharine Clark, and John Atkins of Thompson Coburn LLP as counsel for the Settlement Class (the "Class Counsel").

8.    Preliminary Approval of the Class Action Settlement. Under Federal Rule of Civil Procedure 23(e), a court may approve a class settlement "on a finding that it is fair, reasonable, and adequate" considering the factors set forth in Rule 23(e). The Court has considered these factors and preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the Class Representatives and the Settlement Class Members, subject to further consideration at a final approval hearing as described below.

9.    The Court therefore PRELIMINARILY APPROVES the Settlement Agreement under Federal Rule of Civil Procedure 23.

10.   Final Approval Hearing. The Court will hold a final approval hearing on **February 3, 2022 at 9:30 a.m.** at the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Hipolito F. Garcia Federal Building and United States Courthouse 615 East Houston Street, SA Courtroom No. 1, Third Floor, San Antonio, Texas 78205 (the "Final Approval Hearing"). At the Final Approval Hearing, the Court will determine whether the Settlement

Agreement is fair, reasonable, and adequate and should receive final approval by the Court under Federal Rule of Civil Procedure 23(e). Notice of the Final Approval Hearing shall be provided to each Settlement Class Member as set forth in paragraphs 11 and 12 below. The Court may adjourn the Final Approval Hearing and approve the proposed Settlement Agreement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class Members.

11. <u>Notice to Settlement Class Members</u>. Class Counsel is appointed to disseminate the Class Notice to all Settlement Class Members. Not later than **December 1, 2021**, Class Counsel shall cause a copy of the Class Notice, substantially in the form attached as Exhibit B to the Motion, to be mailed by first-class mail to all Settlement Class Members at the addresses provided by the Trustee as Exhibit C to the Settlement Agreement and also to be emailed to those Settlement Class Members for whom emails are available, on Exhibit C or otherwise. Not later than **January 27, 2022**, Class Counsel shall file with the Court and serve on all counsel proof of such mailing by declaration or affidavit. Class Counsel may use a third-party administrator agreed by the Parties to accomplish notice to Settlement Class Members.

12. <u>Approval of Form and Content of the Class Notice</u>. The Court: (a) approves the Class Notice, substantially in the form and content attached as Exhibit B to the Motion; and (b) finds that the mailing and distribution of the Class Notice in the manner and form set forth in Paragraph 11 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise individual Settlement Class Members of the pendency of the above-captioned litigation, of the effect of the Settlement Agreement, of how to submit and the result of not submitting a proof of claim form, and of their rights to object to any aspect of the Settlement Agreement including attorneys' fees and expenses,

to opt out of the Settlement Agreement, and to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Class Notice before it is mailed and emailed.

13.     <u>Objection and Opt-Out Deadline</u>. Any Settlement Class Member may file written objections to the Settlement Agreement and appear and show cause, if he, she, or it has any cause why the Settlement Agreement should not be approved. Any Settlement Class Member may opt out of the Settlement Agreement by completing and submitting the Opt-Out Form to be included with the Class Notice.  Such objections or completed Opt-Out Forms shall be mailed to each of the following addresses:

(i)     Clerk of the Court, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Hipolito F. Garcia Federal Building and United States Courthouse 615 East Houston Street, Room 597, San Antonio, Texas 78205 *RE: Schmidt, et al. v. AAF Players, LLC, et al.*, Case No. 19-50900-CAG-7, Adv. Pro. No. 19-05053;

(ii)    Thompson Coburn LLP, 2100 Ross Avenue, Suite 3200, Dallas, Texas 75201 ATTN: Nicole Williams;

(iii)   Abir Cohen Treyzon Salo, LLP, 16001 Ventura Boulevard, Suite 200, Encino, California 91436 ATTN: Jonathan Farahi; and

(iv)    Barrett Daffin Frappier Turner & Engle, 3809 Juniper Trace, Suite 205, Austin, Texas 78738 ATTN: Brian S. Engle.

No Settlement Class Member shall be heard to object to the Settlement Agreement at the Final Approval Hearing unless that person or entity has field a written objection with the Court and served copies on counsel as set forth above. The Court hereby ORDERS that all objections to the Class Settlement shall be made in writing and postmarked no later than **January 3, 2022**, which date shall be included in the Class Notice before it is mailed and emailed. The Court hereby ORDERS that all opt outs from the Class Settlement shall be made by returning a completed Out-Opt Form postmarked no later than **January 3, 2022**, which date shall be included in the Class Notice before it is mailed and emailed.

14. Any objections, filings, and other submissions by any objecting Settlement Class Member must contain a statement of his, her, or their objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention.

15. Any Settlement Class Member who does not make his, her, or their objection in the manner provided herein shall be deemed to have waived his, her, or their right to object to any aspect of the Settlement Agreement including the award of attorneys' fees and costs and shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement Agreement or from otherwise being heard concerning the Settlement Agreement, including the award of attorneys' fees and costs, in this or any other proceeding.

16. <u>Deadline to Respond to Objections</u>. The Parties shall file and serve their response to written objections and motion or amendment or supplement to any motion for final approval, if any, no later than **January 27, 2022**.

17. Pending final determination of whether the Settlement Agreement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery

between the Settlement Class Members and the Trustee, Debtors, and Ebersol, except as provided in the Settlement Agreement and as necessary to carry out or comply with terms and conditions of the Settlement Agreement.

18. Pending final determination of whether the Settlement Agreement should be approved or further order of the Court, no Settlement Class Member, whether directly, representatively or in any other capacity, and whether or not such person or entity has appeared in the above-captioned litigation, shall commence or prosecute, or continue to prosecute, in any court or forum, any action involving the claims and allegations at issue in this litigation as against the Trustee, Debtors, or Ebersol. This injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and the Court's flexibility and authority to enter judgment when appropriate.

19. <u>Termination</u>. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Lead Plaintiffs, Settlement Class Members, the Trustee, Debtors, and Ebersol.

20. <u>Use of this Order</u>. Neither this Order nor the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions, and proceedings in connection with the negotiation of and/or efforts to consummate the Settlement Agreement: (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement Agreement; (b) shall be described as, construed as, interpreted as, or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession, or admission as to any liability, negligence, fault, wrongdoing on their part, or the

validity of any claim by any party or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as, or offered against any Party or any Settlement Class Member as evidence of any infirmity in the claims of any Party or the Settlement Class, or as evidence of damages recoverable from any Party, provided, however, that nothing in this provision shall prevent the use of the order or the Settlement Agreement in further proceedings in this Court to effect approval of this Settlement Agreement or its terms.

###

APPROVED AS TO FORM:

**PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

| | |
|---|---|
| */s/ Jonathon Farahi, Esq.* | */s/ Nicole L. Williams, Esq.* |
| **Boris Treyzon** (CA SBN 18893) <br> **Jonathon Farahi** (CA SBN 324316) | **Nicole L. Williams** (SBN 24041784) <br> **Katharine Battaia Clark** (SBN 24046712) <br> **John P. Atkins** (SBN 24097326) |
| **Abir Cohen Treyzon Salo, LLP** <br> 16001 Ventura Boulevard, Suite 200 <br> Encino, California 91436 <br> Phone: (424) 288-4367 <br> Fax: (424) 288-4368 <br> btreyzon@actslaw.com <br> jfarahi@actslaw.com | **Thompson Coburn LLP** <br> 2100 Ross Avenue, Suite 3200 <br> Dallas, Texas 75201 <br> Phone: (972) 629-7100 <br> Fax: (972) 629-7171 <br> nwilliams@thompsoncoburn.com <br> kclark@ThompsonCoburn.com <br> jatkins@thompsoncoburn.com |
| */s/ Brian S. Engel, Esq.* | */s/Michael J. Saltz* |
| **Brian S. Engel** | **Michael J. Saltz** |
| **Barrett Daffin Frappier Turner & Engel** <br> **3809 Juniper Trace, Suite 205** <br> Austin, TX 78738 <br> brianen@bdfgroup.com | **Jacobson, Russell, Saltz, Nassim & de la Torre** <br> 1880 Century Park East, Suite 900 <br> Los Angeles, CA 90067 <br> msaltz@jrsnd.com |