# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br>LEGENDARY FIELD<br>EXHIBITIONS, LLC, ET AL,<br><br>    DEBTORS. | § § § § § § | CASE NO. 19-50900-CAG-7<br><br>CHAPTER 7 |
| COLTON SCHMIDT AND REGGIE<br>NORTHRUP, INDIVIDUALLY AND ON<br>BEHALF OF OTHERS SIMILARLY<br>SITUATED;<br><br>    PLAINTIFFS,<br>v.<br><br>AAF PLAYERS, LLC, THOMAS DUNDON,<br>CHARLES EBERSOL, LEGENDARY<br>FIELD EXHIBITIONS, LLC, AAF<br>PROPERTIES, LLC, EBERSOL SPORTS<br>MEDIA GROUP, INC. AND<br>DOES 1 THROUGH 200, INCLUSIVE<br><br>    DEFENDANTS. | § § § § § § § § § § § § § § § § § § § | ADV. PRO. NO. 19-05053 |

**ORDER FOR (1) FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; (2) CLASS CERTIFICATION PURSUANT TO SETTLEMENT AGREEMENT; (3) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES PURSUANT TO SETTLEMENT AGREEMENT; AND (4) APPROVAL OF COMPENSATION FOR CLASS COUNSEL AND SERVICE AWARDS FOR CLASS REPRESENTATIVES**

[Relates to Dkt.__]

On this date, the Court considered the *Joint Motion for (1) Final Approval of the Settlement Agreement; (2) Class Certification pursuant to Settlement Agreement; (3) Appointment of Class Counsel and Class Representatives pursuant to Settlement Agreement; and (4) Approval of Compensation for Class Counsel and Service Awards for Class Representatives [Dkt. __]* (the "Motion"). The Motion was filed jointly by Plaintiffs Colton Schmidt and Reggie Northrup (collectively, "Lead Plaintiffs") on behalf of themselves and all similarly-situated persons, Randolph N. Osherow (the "Trustee"), as Chapter 7 trustee for Legendary Field Exhibitions, LLC, Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, LFE 2, LLC and We Are Realtime, LLC (collectively, "Debtors"), and Defendant Charles "Charlie" Ebersol ("Ebersol") (Lead Plaintiffs, Trustee, Debtors, and Ebersol are collectively the "Parties"). Due and adequate notice having been given to the Settlement Class as required in the *Order (1) Preliminarily Approving the Settlement Agreement; (2) Granting Class Certification Pursuant to Settlement Agreement; (3) Appointing Class Counsel and Class Representatives Pursuant to Settlement Agreement; (4) Approving the Form and Manner of Notice to Class Members; (5) Setting a Deadline for Objections to the Settlement; and (5) Scheduling a Hearing for the Final Consideration and Approval of the Settlement* (Dkt. No. 194) ("Preliminary Approval Order"), and the Court having considered the evidence presented in the Motion and at the Final Approval Hearing of this matter on February 8, 2022, arguments of counsel, all related filings, and the relevant authorities, finds that the Motion should be GRANTED. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Settlement Agreement.

2.  The Court has jurisdiction over the subject matter of this action and all underlying proceedings.

3.  The Court incorporates by reference its Preliminary Approval Order and the oral ruling on the Preliminary Approval Order. The oral order was given in open court on October 1, 2021; the written order is located at Dkt. 194.

4.  The Court finds that the time for objections to the Settlement has passed. Pursuant to the Preliminary Approval Order, any objections were required to be made by January 3, 2022.

5.  The Court finds that the Motion is presented jointly by all parties with standing, and thus that there is no opposition to the Motion.

6.  The Court has been presented with testimonial and documentary evidence from Class Counsel and finds that the Class Notice ordered pursuant to the Preliminary Approval Order has been satisfactorily completed, was the best notice practicable under the circumstances, and the requirements of Bankruptcy Rule of Procedure 7023, Federal Rules of Civil Procedure 23 and 54, due process, and all other applicable requirements have been met with respect to same.

7.  The Court has been presented with testimonial and documentary evidence that the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715 have been delivered, and the Court finds that all requirements of the Class Action Fairness Act have been satisfactorily complied with.

8.  For purposes of effectuating this Settlement, the Court hereby Orders final certification of the proposed Settlement Class, having found that the requirements of Bankruptcy Rule of Procedure 7023 and Federal Rule of Civil Procedure 23 are met. The Settlement Class is defined as:

> All players who signed a "Standard Player Agreement" with AAF Players, LLC and who were on an active AAF team roster as of April 2, 2019, including players, if any, on injured reserve.

Excluded from the Settlement Class are:

(i) any person who filed a proof of claim in the Main Bankruptcy Case, except for the Class Proof of Claim, on or before August 15, 2019; (ii) any Class Member who timely opted-out of the Class; (iii) Defendants and officers and directors of Defendants, (iv) any entity in which any Defendant has a controlling interest; (v) the affiliates, legal representatives, attorneys, heirs, or assigns of any Defendant; (vi) any federal, state or local governmental entity; and (vii) any judge, justice, or judicial officers presiding over the Adversary and the members of their immediate families and judicial staff.

9. Under the Settlement, Defendant has agreed to provide compensation to Settlement Class Members as follows:

    i. Each member of the Settlement Class who timely completes and returns the Claim Form will receive:

        a. An allowed claim for $13,6500.00 entitled to priority under Bankruptcy Code section 507(a)(4) to be treated and disbursed pursuant to the Trustee's ordinary practices (the "Priority Wage Claim").

    ii. Additionally, each member of the Settlement Class will receive:

        a. A general unsecured claim for $180,000.00 representing the second and third-year base compensation under the Standard Players Agreement (the "Excess SPA Damages"), subordinate to other general unsecured claims (not including Claim 214-2) filed before August 15, 2019 and later filed claim approved by Court order, to the extent and in the amount such other claims are not withdrawn.

    iii. Any Settlement Class member who does not timely complete and return the Claim Form will receive an additional general unsecured claim for $13,6500.00.

10. The Court finds that no Settlement Class members have opted out of the Settlement. Therefore, all Settlement Class members are bound by all determinations and judgments

concerning the Settlement Agreement and the Settlement contemplated thereby. The Court finds that Exhibit G-1 presented at the Final Approval Hearing is a list of the Settlement Class members.

11. The Court finds that the evidence supports that Lead Plaintiffs are adequate representatives of the Class, and therefore appoints Lead Plaintiffs to serve as the representatives of the Settlement Class ("<u>Class Representatives</u>").

12. The Court finds that the evidence supports that the preliminarily-approved Class Counsel is adequate counsel for the Settlement Class, and therefore appoints Boris Trevzon and Jonathan Farahi of Abir Cohen Trevzon Salo LLP and Nicole Williams, Katharine Clark, and John Atkins of Thompson Coburn, LLP as Class Counsel for the Settlement Class.

13. Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Bankruptcy Rule of Procedure 7023 and Federal Rule of Civil Procedure 23 and 54, this Court further finds and concludes that:

    a. Solely for the purposes of the proposed settlement, certification of the Settlement Class is warranted because: (i) the members of the Settlement Class are so numerous that joinder is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Plaintiffs' claims present issues that are typical of the proposed Settlement Class; and (iv) the Class Representatives and Class Counsel fairly and adequately represent and protect the interest of the Settlement Class. The Court further finds that for the purposes of this Settlement, issues of law and fact common to the Settlement Class predominate over issues affecting only individual Settlement Class members and that settlement of this action is superior to other means available for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Adversary is being settled rather than litigated, the Court need not consider

manageability issues that might be presented by the trial of a class action involving the issues in this Adversary.

b. The Court finds that the claims administration plan described in the Settlement Agreement and the Motion fairly and adequately addresses the matters of settlement administration, claims submission, and provision of the Settlement to the Settlement Class members.

c. The Court finds that the Settlement Agreement was arrived at in good faith following extensive arm's-length negotiations between experienced counsel, and the Settlement is fair, reasonable, and adequate as to the Settlement Class and in the best interests of the Settlement Class within the meaning of Bankruptcy Rule of Procedure 7023 and Federal Rule of Civil Procedure 23. The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform in accordance with its terms to the extent the Parties have not already done so.

d. The Adversary claims against the Settling Defendants and all of the Released Claims are dismissed with prejudice and are fully, finally, and forever released, relinquished, and discharged as to the Released Parties. The Assigned Claims are all hereby deemed assigned by the Assigning Parties to the Assigned Parties. The Parties are to bear their own costs, except as otherwise provided in this Order or in the Settlement Agreement. The claims against non-settling Defendant Thomas Dundon remaining pending in this Adversary.

e. The Court further orders that any Settlement Class member who did not timely and properly opt-out from the Settlement Class in accordance with the court-ordered

procedures, are enjoined under applicable law, including but not limited to the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Adversary. This does not apply to any claims against non-settling Defendant Thomas Dundon.

f. Neither the Settlement Agreement, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or any wrongdoing by the Defendant or any damages or injury to any Settlement Class member. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith: (i) will (A) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the party of any of the Released Persons, or of the validity or infirmity of any defense, or of any damage to Plaintiff or any Settlement Class member; or (B) otherwise be used

to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released persons or of any injury or damages to any person; or (ii) will otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, except in connection with consummating or enforcing the Settlement Agreement, the Preliminary Approval Order, or this Final Approval Order.

g. The Court finds that an the "Agreed Fee Request" to Class Counsel in the amount of 33% or one-third, of the gross, pre-tax, pre-withholding amounts to be disbursed to Class Members under the Settlement Agreement is fair and reasonable. The Trustee is directed, pursuant to the Settlement Agreement, to withhold and pay to Class Counsel the Agreed Fee Request when disbursements are ultimately made to the Settlement Class as provided in the Settlement Agreement and in the ordinary course of the discharge of the Trustee's duties.

h. The Court further finds that a Service Award to each of the two Class Representatives of an additional general unsecured claim in the amount of $135,000 that is not subordinate to, but will receive pro rata distribution, if any, at the same time and with the same rank as other general unsecured claims is fair and reasonable and shall be granted by the Trustee pursuant to the Settlement Agreement.

i. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the payment of attorneys' fees and expenses; (iii) both Parties and the Parties' Counsel for the purpose of construing, enforcing, and administering the Settlement Agreement;

and (iv) the claims remaining in the Adversary over the non-settling Defendant Thomas Dundon.

j. If said Final Approval Order is reversed, then, in any such event:

   i. The Settlement Agreement, and all orders entered and releases delivered in connection with the Settlement including without limitation the certification of the Adversary as a Settlement Class Action, the Preliminary Approval Order, this Final Approval Order and the Agreed Fee Request, will be null and void and of no further force or effect without prejudice to either Party, and may not be introduced as evidence, referred to, or used as the basis for any arguments or taking any position whatsoever in any actions or proceedings by any person or entity, in any manner or for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel; and

   ii. Each Party will be restored to her or its respective position as of the date of the Settlement Agreement was signed and they will proceed in all respects as if the Settlement Agreement had not been circulated, the Settlement Agreement had not been entered into, and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action will be preserved without prejudice in any way.

   iii. In addition, the Released Persons shall retain all substantive and procedural rights and defenses, including but not limited to the right to take any action and take any position in opposition to certification of a litigation class action, which rights and defenses shall not be affected by the doctrines of judicial estoppel,

issue preclusion (collateral estoppel) or claim preclusion (res judicata), or any other doctrine, or waived, limited, or prejudiced in any way whatsoever by the Parties' efforts to obtain approval of the certification of a Settlement Class action, the Settlement, and the Settlement Agreement.

###

APPROVED AS TO FORM:

**PLAINTIFFS COLTON SCHMIDT AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

| | |
|---|---|
| */s/ Jonathon Farahi, Esq.*_____ | */s/ Nicole L. Williams, Esq.*_____ |
| **Boris Treyzon** (CA SBN 18893) <br> **Jonathon Farahi** (CA SBN 324316) | **Nicole L. Williams** (SBN 24041784) <br> **Katharine Battaia Clark** (SBN 24046712) <br> **John P. Atkins** (SBN 24097326) |
| **Abir Cohen Treyzon Salo, LLP** <br> 16001 Ventura Boulevard, Suite 200 <br> Encino, California 91436 <br> Phone: (424) 288-4367 <br> Fax: (424) 288-4368 <br> btreyzon@actslaw.com <br> jfarahi@actslaw.com | **Thompson Coburn LLP** <br> 2100 Ross Avenue, Suite 3200 <br> Dallas, Texas 75201 <br> Phone: (972) 629-7100 <br> Fax: (972) 629-7171 <br> nwilliams@thompsoncoburn.com <br> kclark@ThompsonCoburn.com <br> jatkins@thompsoncoburn.com |
| */s/ Brian S. Engel, Esq.*_____ | */s/Michael J. Saltz*_____ |
| **Brian S. Engel** | **Michael J. Saltz** |
| **Barrett Daffin Frappier Turner & Engel** <br> **3809 Juniper Trace, Suite 205** <br> Austin, TX 78738 <br> brianen@bdfgroup.com | **Jacobson, Russell, Saltz, Nassim & de la Torre** <br> 1880 Century Park East, Suite 900 <br> Los Angeles, CA 90067 <br> msaltz@jrsnd.com |