**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO. 19-50900-CAG-7** |
| LEGENDARY FIELD EXHIBITIONS, LLC, ET AL, | § § § § | **CHAPTER 7** |
| DEBTORS. | § § § § | |
| COLTON SCHMIDT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND REGGIE NORTHRUP, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § § § § § § | |
| PLAINTIFFS, | § | **ADV. PRO. NO. 19-05053** |
| v. | § § | |
| AAF PLAYERS, LLC, THOMAS DUNDON, CHARLES "CHARLIE" EBERSOL, LEGENDARY FIELD EXHIBITIONS, LLC, AAF PROPERTIES, LLC, EBERSOL SPORTS MEDIA GROUP, INC. AND DOES 1 THROUGH 200, INCLUSIVE | § § § § § § § § | |
| DEFENDANTS. | § § | |

**PLAINTIFFS', TRUSTEE'S, AND EBERSOL'S JOINT MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054(a) AND FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Colton Schmidt and Reggie Northrup (the "Lead Plaintiffs"), on behalf of themselves and the Settlement Class certified by this Court (collectively, the "Class" or the "Plaintiffs"); Randal Osherow (the "Trustee"), as the duly-appointed Chapter 7 Trustee of AAF Players, LLC, Legendary Field Exhibitions, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., LFE 2, LLC, and We Are Realtime, LLC (collectively, the "Debtors" or "AAF"); and Charles

"Charlie" Ebersol ("Ebersol") (Plaintiffs, Trustee, Debtors, and Ebersol are collectively the "Movants"), each by and through their undersigned counsel, file this *Joint Motion for Entry of Partial Final Judgment Under Federal Rule of Bankruptcy Procedure 7054(a) and Federal Rule of Civil Procedure 54(b)* (the "Motion"). Specifically, the Movants request that all of the relief granted in the *Order for (1) Final Approval of the Settlement Agreement; (2) Class Certification Pursuant to Settlement Agreement; (3) Appointment of Class Counsel and Class Representatives Pursuant to Settlement Agreement; and (4) Approval of Compensation for Class Counsel and Service Awards for Class Representatives*, Dkt. 215, entered on February 9, 2022 (the "Final Approval Order"), be certified as "final" under Federal Rule of Civil Procedure 54(b), as incorporated by Federal Rule of Bankruptcy Procedure 7054(a).

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b) (which is incorporated by Federal Rule of Bankruptcy Procedure 7054(a)):

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay….

FED. R. CIV. P. 54(b).

Whether there is "no just reason for delay" and whether to enter a partial final judgment is "left to the sound judicial discretion of the district court." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980). Courts may consider "judicial administrative interests as well as the equities involved." *Id.* Courts also often consider whether the claims on which the parties seek final judgment are separable from the rest of the litigation, and whether granting final judgment might force an appellate court to decide the same issue

more than once. *Mandawala v. Baptist Sch. of Health Professions*, No. SA19CV01415JKPESC, 2020 WL 10352339, at *2 (W.D. Tex. Nov. 23, 2020), *aff'd sub nom. Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144 (5th Cir. 2021).

## II. ARGUMENT

The Court should exercise its discretion to grant this Motion and enter a partial final judgment as to the claims resolved by the Final Approval Order. The Final Approval Order, attached as **Exhibit A**, is the approval of a settlement and resolution of separable claims – all of the claims by the Plaintiffs against the Debtors and Ebersol – that there is no just reason to delay becoming final. Allowing the Final Approval Order to become a partial final judgment will simplify this matter procedurally and any issues raised in response to this partial final judgment would not be duplicative of the remaining claims in the litigation because of the class settlement posture of the claims resolved by the Final Approval Order.

The requirements of Rule 54(b) are clearly met. This is a situation in which there is "more than one claim for relief" and in which "multiple parties are involved[.]" FED. R. CIV. P. 54(b). In this case, the Movants seek a partial final judgment *not* to immediately appeal this Court's Final Approval Order, but in order to finalize the Movants' changes in relative position now that the Court has entered the Final Approval Order. If this Motion is granted, the issues between and among Movants in this litigation will be fully and finally resolved, which will enable Movants to participate in the remaining litigation in confidence that their change in position with respect to one another will not be later unwound and also will allow the Estate to confidently move forward with respect to the relief awarded to the Class Members in the Final Approval Order. Judicial administration *and* equity both therefore weigh in favor of granting this Motion.

The subject matter of the Final Approval Order also is easily separable from the rest of this litigation. The Final Approval Order finally settles disputes between and among the Class, the Debtors, and Charlie Ebersol. *See* Ex. A, p. 2 (defining "Settling Parties"). The remaining claims at issue in this litigation are all directed against Thomas Dundon, who is not a party to the settlement at issue in the Final Approval Order. *See id.* at p. 2 (definition of "Settling Parties" does not include Thomas Dundon), p. 7, ¶ 13(d) (approving of the assignment of claims in the Settlement Agreement, noting that certain claims remain in the adversary); **Exhibit B**, Settlement Agreement, pp. 16-17, ¶¶ 15(a)-(b).

For the above reasons there is "no just reason" to delay finalization of the Final Approval Order under Rule 54(b), Rule of Bankruptcy Procedure 7054(a). Movants ask that the Court exercise its discretion to grant the Motion and enter a partial final judgment to effectuate the Final Approval Order, in the form submitted by the Movants. Movants further ask for any other relief to which they are justly entitled.

Dated: March 10, 2022

Respectfully submitted,

| | |
|---|---|
| */s/ Jonathon Farahi, Esq.* | */s/ Katharine Battaia Clark, Esq.* |
| **Boris Treyzon** (CA SBN 18893) <br> **Jonathon Farahi** (CA SBN 324316) | **Nicole L. Williams** (SBN 24041784) <br> **Katharine Battaia Clark** (SBN 24046712) <br> **John P. Atkins** (SBN 24097326) |
| **Abir Cohen Treyzon Salo, LLP** <br> 16001 Ventura Boulevard, Suite 200 <br> Encino, California 91436 <br> Phone: (424) 288-4367 <br> Fax: (424) 288-4368 <br> btreyzon@actslaw.com <br> jfarahi@actslaw.com | **Thompson Coburn LLP** <br> 2100 Ross Avenue, Suite 3200 <br> Dallas, Texas 75201 <br> Phone: (972) 629-7100 <br> Fax: (972) 629-7171 <br> nwilliams@thompsoncoburn.com <br> kclark@ThompsonCoburn.com <br> jatkins@thompsoncoburn.com |

**ATTORNEYS FOR COLTON SCHMIDT, REGGIE NORTHRUP, AND THE SETTLEMENT CLASS**

| | |
|---|---|
| */s/ Brian S. Engel, Esq.* | */s/Michael J. Saltz* |
| **Brian S. Engel** | **Michael J. Saltz** |
| **Barrett Daffin Frappier Turner & Engel** <br> 580 La Ventana Pkwy. <br> Driftwood, TX 78619 <br> brianen@bdfgroup.com | **Jacobson, Russell, Saltz, Nassim & de la Torre** <br> 1880 Century Park East, Suite 900 <br> Los Angeles, CA 90067 <br> msaltz@jrsnd.com |
| **ATTORNEYS FOR DEBTORS AND TRUSTEE** | **ATTORNEYS FOR EBERSOL** |

## CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2022, a true and correct copy of the foregoing Motion has been served via electronic through the CM/ECF system, with a copy (not including the appendix in the Motion filed therewith) to those parties listed below via email and U.S. Mail.

Randolph N. Osherow, Esq.
342 W. Woodlawn Avenue, Suite 100
San Antonio, TX 78212
*rosherow@hotmail.com*

Brian S. Engel, Esq.
Barrett Daffin Frappier Turner & Engel
580 La Ventana Pkwy
Driftwood, TX 78619
*brianen@bdfgroup.com*

Brent D. Hockaday, Esq.
Jeffrey S. Lowenstein, Esq.
Brent A. Turman, Esq.
Bell Nunnally & Martin
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
*bhockaday@bellnunnally.com*
*jlowenstein@bellnunnally.com*
*bturman@bellnunnally.com*

Patrick H. Autry, Esq.
Branscomb, PLLC
8023 Vantage, Suite 560
San Antonio, Texas 78230
*pautry@branscomblaw.com*

William N. Radford, Esq.
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
*wradford@thompsoncoe.com*

Michael J. Saltz, Esq.
Jacobson Russell Saltz Nassim & de la Torre
1880 Century Park East, Suite 900
Los Angeles, CA 90067
*msaltz@jrsnd.com*

*/s/ Katharine Battaia Clark*
Katharine Battaia Clark (SBN 24046712)