IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO. 19-50900-CAG |
| LEGENDARY FIELD EXHIBITIONS, LLC, | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

| | | |
|---|---|---|
| COLTON SCHMIDT et al. | § | Adversary No. 19-05053-cag |
| Plaintiffs | § | |
| v. | § | |
| AAF PLAYERS, LLC et al., | § | |
| Defendants. | § | Judge: Craig A. Gargotta |

## JOINT STIPULATION AND REQUEST FOR DISMISSAL OF ALL REMAINING CLAIMS

**TO THE HONORABLE CRAIG GARGOTTA, U.S. BANKRUPTCY JUDGE:**

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, Colton Schmidt, Reggie Northrup (Messrs. Schmidt and Northrup are referred to collectively as "Plaintiffs"); Randolph N. Osherow, duly appointed Chapter 7 Trustee of the Chapter 7 Bankruptcy Estates of consolidated debtors AAF Players, LLC, AAF Properties, LLC, We are Realtime, LLC, Legendary Field Exhibitions, LLC, LFE2, LLC, and Ebersol Sports Media Group, Inc., proceeding under Bankruptcy Case No. 19-50900 (the "Trustee"); being all of the remaining parties with current claims in Adversary Proceeding 19-05053 (the "Adversary"), (all collectively called the "Parties"), file this Joint Stipulation Concerning Request for Dismissal of All Remaining Claims and respectfully stipulate and show:

1. Plaintiffs' live pleading, the Second Amended Class Action Complaint for Damages (the "Second Amended Complaint") (Docket No. 87) asserts six causes of action. Thomas G. Dundon, Mr. Ebersol, and the Trustee are listed as the defendants.

2. The Court previously entered its order granting in part Mr. Dundon's Motion to Dismiss for Failure to State a Claim for Relief (Document No. 81), dismissing with prejudice Plaintiffs' cause of action for inducing breach of contract, and its order granting in part Mr. Dundon's Motion to Dismiss for Failure to State a Claim for Relief (Docket No. 128), dismissing with prejudice Plaintiffs' cause of action for promissory estoppel. Plaintiffs also dismissed their cause of action for failure to pay wages in violation of Cal. Labor Code §201 (Docket No. 81) (Docket Nos. 81 and 128 are referred to collectively as the "Dismissal Orders").

3. This Court also previously entered its Partial Final Judgment (Docket No. 222) and Order for (1) Final Approval of the Settlement Agreement; (2) Class Certification Pursuant to Settlement Agreement; (3) Appointment of Class Counsel and Class Representatives Pursuant to Settlement Agreement; and (4) Approval of Compensation for Class Counsel and Service Awards for Class Representatives (Docket No. 215) (the "Judgment" and the "Final Approval Order," respectively).

4. The Final Approval Order and Judgment fully resolved and settled all claims of members of a certified settlement class (the "Settlement Class," defined in the Final Approval Order) brought against the consolidated debtors and their Chapter 7 bankruptcy estates.

5. In addition, the members of Settlement Class assigned claims to the Trustee, defined as the "Assigned Claims" in the Final Approval Order, subject to the Trustee's rights under the settlement agreement approved by the Final Approval Order.

6. The Final Approval Order and Judgment are final and nonappealable.

7. The only claims not resolved by the Dismissal Orders and the Final Approval Order and Judgment and that remain pending are Plaintiffs' non-assigned individual claims against Mr. Dundon set forth in the Second Amended Complaint and their right, if any, to recover damages from Mr. Dundon for any reason or amount in excess of or separate from the amounts not paid under the Standard Player Agreements (the "Remaining Individual Claims").

8. In addition, there remains Plaintiffs' request under Federal Rule of Bankruptcy Procedure 7023, incorporating Federal Rule of Civil Procedure 23, to certify a plaintiff class for the purpose of asserting as representative parties putative class members' non-assigned claims, if any, against Mr. Dundon based on the allegations in the Second Amended Complaint, and putative class members' rights, if any, to recover damages from Mr. Dundon for any reason or amount in excess of or separate from the amounts not paid under the Standard Player Agreements (the "Remaining Putative Class Member Claims,").

9. Mr. Dundon has denied and does deny any liability on any of the Remaining Individual Claims against Dundon and has moved to dismiss the Remaining Individual Claims under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). Dundon also opposes and denies any liability under the request under Federal Rule of Bankruptcy Procedure 7023, incorporating Federal Rule of Civil Procedure 23, to certify a plaintiff class for the Remaining Putative Class Member Claims.

10. Colton Schmidt and Reggie Northrup no longer desire to pursue any of their Remaining Individual Claims against Dundon and consent and agree to entry of a dismissal with

prejudice of their Remaining Individual Claims. This Court has personal jurisdiction over Schmidt and Northrup.

11. Colton Schmidt and Reggie Northrup no longer desire to seek certification of a plaintiff class for the Remaining Putative Class Member Claims alleged in the Second Amended Complaint. To the extent this stipulation is construed to act as a dismissal of any Remaining Putative Class Member Claims, such dismissal is without prejudice.

12. The Parties stipulate that nothing in this stipulation and agreement is intended in any way to affect whatsoever the Final Approval Order, Judgment, and Assigned Claims. The Parties stipulate that all rights, duties, claims, and relief granted or imposed in the Final Approval Order and Judgment continue in full force and effect. The Parties agree and stipulate that this Court had jurisdiction over the Parties and the Settlement Class members and subject matter jurisdiction as to the matters addressed by the Final Approval Order and the Judgment, which were adjudicated in the ordinary course of estate administration.

13. Mr. Dundon, a party who has appeared, consents to the requested dismissal.

**The Parties request, therefore**, that the Court accept this stipulation and:

a. Dismiss all the Remaining Individual Claims of Colton Schmidt and Reggie Northrup <u>with prejudice</u> to refile; and

b. Order that the Adversary be closed.

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS, INDIVIDUALLY**

| | |
|---|---|
| */s/ Jonathon Farahi* | */s/ Nicole L. Williams* |
| **Boris Treyzon** (CA SBN 18893) | **Nicole L. Williams** (SBN 24041784) |
| **Jonathon Farahi** (CA SBN 324316) | **Katharine Battaia Clark** (SBN 24046712) |
| **ABIR COHEN TREYZON SALO, LLP** | **John P. Atkins** (SBN 24097326) |
| 16001 Ventura Boulevard, Suite 200 | **THOMPSON COBURN LLP** |
| Encino, California 91436 | 2100 Ross Avenue, Suite 3200 |
| Phone: (424) 288-4367 | Dallas, Texas 75201 |

Fax: (424) 288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

Phone: (972) 629-7100
Fax: (972) 629-7171
nwilliams@thompsoncoburn.com
KClark@ThompsonCoburn.com
JAtkins@thompsoncoburn.com

**COUNSEL FOR DEFENDANT THOMAS G. DUNDON**

*/s/ Brent D. Hockaday*
**Brent D. Hockaday** (SBN 24071295)
**Jeffrey S. Lowenstein** (SBN 24007574)
**Brent A. Turman** (SBN 24077506)
**BELL NUNNALLY & MARTIN**
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Phone: (214) 740-1400
Fax: (214) 740-1499
*bhockaday@bellnunnally.com*
*jlowenstein@bellnunnally.com*
*bturman@bellnunnally.com*

**Patrick H. Autry** (SBN 01447600)
**BRANSCOMB, PLLC**
4360 North Loop 1604 W.
San Antonio, Texas 78249
Phone: (210) 598-5400
*pautry@branscomblaw.com*

**COUNSEL FOR TRUSTEE AND DEBTORS**

*/s/ Brian S. Engel*
**Brian S. Engel**
**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**
580 La Ventana Pkwy.
Driftwood, Texas 78619
*brianen@bdfgroup.com*

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on or before the 29th day of April 2022, a true and correct copy of the foregoing document was served upon all parties listed on the attached mailing matrix via electronic means as listed on the Court's ECF noticing system or by regular first class mail.

*/s/ Brian S. Engel*
Brian S. Engel

5

## ADVERSARY COUNSEL MATRIX

### ATTORNEYS FOR PLAINTIFFS

Katharine Battaia Clark
Nicole Williams
John Atkins
Thompson Coburn
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
(214) 880-9600
Fax : (214) 481-1844
KClark@ThompsonCoburn.com
nwilliams@thompsoncoburn.com
JAtkins@thompsoncoburn.com

Boris Treyzon
Jonathon S. Farahi
Abir Cohen Treyzon & Salo, LLP
16001 Ventura Blvd.
Suite 200
Encino, CA 91436
JFarahi@actslaw.com
btreyzon@actslaw.com

### ATTORNEYS FOR CHARLES EBERSOL

William N. Radford
Aaron B. Michelsohn
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor Dallas, Texas 75201-2832
wradford@thompsoncoe.com
amichelsohn@thompsoncoe.com

Michael J. Saltz
Jacobson, Russell, Saltz, Nassim & De La Torre, LLP
880 Century Park East
Suite 900
Los Angeles, CA 90067

### ATTORNEYS FOR THOMAS DUNDON

Brent D. Hockaday
Jeffrey Scott. Lowenstein
Brent A. Turman
Bell Nunnally Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
bhockaday@bellnunnally.com
jlowenstein@bellnunnally.com
bturman@bellnunnally.com

Patrick Autry
Branscomb, PLLC
4360 North Loop 1604 W
San Antonio, TX 78249
*pautry@branscomblaw.com*